Verdere **PHILPOT, Jr.,** and **Delores Gailliard, Individually on their own behalf and on behalf of all others similarly situated**

v.

**PHILCO–FORD CORPORATION.**
Civ. A. No. 73–884.

United States District Court,
E. D. Pennsylvania.
June 4, 1974.

Roland J. Artigues of Galfand, Berger, Senesky, Lurie & March, Philadelphia, Pa., for plaintiffs.

Robert M. Landis of Dechert, Price & Rhoads, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

HIGGINBOTHAM, District Judge.

Presently before the Court is a motion for sanctions lodged by defendant pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. Defendant moves for the dismissal of plaintiffs' action and the assessment against plaintiffs of reasonable attorney's fees and a court reporter's fee. The motion to dismiss is granted but only as to the named plaintiffs.

This suit was instituted as a class action under Title VII of the 1964 Civil Rights Act. 42 U.S.C. § 2000e et seq. Plaintiffs allege in their complaint that defendant, Philco-Ford Corporation, has engaged in discriminatory employment practices in the hiring, promotion, discipline and discharging of its employees. Relief is prayed for by way of injunctive relief, a declaratory judgment, compensatory and punitive damages, as well as court costs and attorneys' fees.

The action was commenced on April 18, 1973. On June 13, 1973, defendant filed with the Court and served on counsel for plaintiffs Interrogatories and a Request for Production of Documents. Defendant also filed and served a notice for the taking of the depositions of both named plaintiffs, Verdere Philpot and Delores Gailliard, and a subpoena to produce certain documents at the depositions. The Request for Production of Documents was noticed for July 16, 1973, and the depositions and subpoena were noticed for July 18, 1973. Plaintiffs did not respond to the Request for Production of Documents on July 16, 1973, nor did they appear for their depositions on July 18, 1973. Several requests by letter to plaintiffs' counsel for a rescheduling of those depositions have gone unanswered.

On October 10, 1973 defendant filed a motion for sanctions under Fed.R.Civ.P. 37(d). At that time, in addition to plaintiffs' failure to respond to the Request for Production of Documents and to submit to the taking of depositions, plaintiffs had not replied in any manner to the interrogatories which had been propounded by defendant four months earlier.

There is little doubt that plaintiffs' conduct constitutes a failure to make discovery under the Federal Rules, for the language of Rule 37 is addressed to precisely these circumstances. The rule

speaks to a party who fails "(1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, . . ." [Fed.R.Civ.P. 37(d).] Plaintiffs admit their failure to respond to defendant's discovery requests but they state:

"Plaintiffs initially failed to respond to defendant's discovery to the belief that plaintiffs were not obliged to respond until defendant properly answered Interrogatories propounded by Plaintiffs—which Interrogatories had been filed first." [1]

■ A full and precise understanding of the Federal Rules of Civil Procedure will surely escape even the most erudite attorney if he chooses not to read them.[2] Rule 26(d) states with utter clarity:

"Sequence and Timing of Discovery. Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery."

Moreover, an objection to the discovery sought is not a defense to defendant's motion for sanctions, for Rule 37 also states:

"The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)."

■ Plaintiffs and counsel for plaintiffs have absolutely no justification for their recklessly casual disregard for the procedural responsibilities they owe to the defendant, to the Court, and to the class they purport to represent. The parties received timely notice of the depositions and were advised at least a month before the depositions were to be taken that their objection regarding the sequence of discovery was entirely inappriate under the Federal Rules. Notwithstanding the unsubstantiality of this objection plaintiffs were clearly required to file a motion for protective order under Rule 26(c) if they intended to oppose the taking of the deposition. Therefore, by ignoring the notice of deposition they placed themselves in jeopardy of sanctions under Rule 37. The failure to attend the July 18th deposition and to respond to the subpoena was further compounded by plaintiffs' apparent refusal to cooperate in rescheduling the deposition or at the very least for plaintiffs' counsel to make even the most cursory examination of the Federal Rules to familiarize himself with the rights and duties of the parties under the circumstances.

Finally, the timing and substance of plaintiffs' response to the interrogatories and the Request for Production of Documents does not encourage me to conclude that plaintiffs have proceeded forth with discovery in good faith. Plaintiffs' answers and objections to the interrogatories and the Request for Production of Documents were filed on November 29, 1973. Copies of these responses are attached to plaintiffs' memorandum in opposition to the motion for sanctions. Rules 33(a) and 34(b) of the Federal Rules of Civil Procedure require that both these responses be served upon defendant no later than July 16, 1973.

---

1. Plaintiff's Memorandum Contra Defendants Motion Under F.R.C.P. 37(d), Doc. #19, p. 1.

2. Counsel for defendant advised opposing counsel by letter dated June 15, 1973 that the old "first-in-first-out" rule on discovery no longer applied under the Federal Rules. Counsel for plaintiffs did not reply to this letter. See 4 Moore's Federal Practice ¶ 26.80 [1] (2d ed. 1972).

Without passing on the adequacy of these responses, it is clear that they do not indicate such extensive preparation as to justify a four month overrun of the discovery deadline. To the contrary, plaintiffs designate their answers to defendant's interrogatories as "Preliminary Answers" and state, "These Preliminary Answers are filed prior to counsel for plaintiffs being able to have full personal discussion with named plaintiffs." [3] Then plaintiffs argue, "Any acts of counsel for plaintiff which may be considered discourteous to the Court or to counsel for defendant were not intentional but rather they were done in the honest belief that plaintiffs were not required to respond to defendant's discovery until defendant answered plaintiffs' Interrogatories." However, defendant filed its answers and objections to plaintiffs' first set of interrogatories on July 9, 1973, three months before the motion to dismiss was filed, nine days before the deposition appointment, and seven days before the plaintiffs' answers and objections to the interrogatories and the Request for Production of Documents were required to be served under the Federal Rules.

The provisions governing discovery under the Federal Rules of Civil Procedure are more than mere procedural guidelines to be consulted at the pleasure of a party to a federal suit. The language of these rules is carefully drafted and specific in its terms in order that they "secure the just, speedy, and inexpensive determination of every action." [4] Plaintiffs have chosen a most reckless course by failing to acquaint themselves with and by failing to comply with the clear, precise, and central provisions of these rules. By their own conduct plaintiffs have placed the suit that they initiated in jeopardy of the imposition of sanctions provided for enforcement of the procedural mandates which control the course of discovery.

There appearing upon the record no reasonable justification for plaintiffs' conduct, the action will be dismissed as to named plaintiffs but without prejudice to the class they purport to represent. Defendant's requests for counsel fees and a court reporter's fee are denied.