**Joseph A. FITZPATRICK and Jane B. Fitzpatrick, h/w**

v.

**HOLIDAY INNS, INC.**

Civ. A. No. 80–263.

United States District Court, E. D. Pennsylvania.

Feb. 26, 1981.

Edwin B. Barnett, Strong, Barnett, Hayes & Hamilton, Philadelphia, Pa., for plaintiffs.

Peter T. Parashes, White & Williams, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

The plaintiff alleges that because of the defendant's negligence she was injured when she fell on ice while on the defendant's property. At the defendant's request and pursuant to Rule 35 of the Federal Rules of Civil Procedure, the plaintiff was examined by a physician. The physician prepared a report which he delivered to the defendant. The defendant gave the plaintiff a copy of this report. The defendant has decided not to call this physician as a witness and will not be offering his report into evidence. In addition, the defendant is unwilling to agree that the plaintiff may introduce the report. Since the plaintiff wants to use the report and the defendant will not stipulate to its authenticity, the plaintiff intends to subpoena the physician who prepared the report and is the only witness who can lay the necessary foundation. The defendant vigorously objects to the plaintiff's plan to subpoena an expert that the defendant hired to prepare for litigation but who will not be called as a witness. Motions *in limine* have been filed.

I recognize that the securing of expert testimony by subpoena is an unusual

practice. Nevertheless, the weight of authority holds that "a court does have the power to subpoena an expert witness and, though it cannot require him to conduct any examinations or experiments to prepare himself for trial, it can require him to state whatever opinions he may have previously formed." *Kaufman v. Edelstein*, 539 F.2d 811, 817 (2d Cir. 1976), *quoting Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972).

■ So long as the examination of this witness is limited to the preparation of his report and the facts and opinions contained therein, the use of a subpoena to secure his testimony is clearly appropriate under the rule stated above. Since this is a matter largely within my discretion and because it is in the interests of fairness, I shall order the plaintiff to tender to the physician the customary expert witness fee for testimony at trial.

The defendant's motion *in limine* will be denied; the plaintiff's motion will be granted. The plaintiff should take whatever action it deems appropriate to secure the testimony of the physician.