**Betty Ann (Chambers) BARNES, Plaintiff,**

v.

**The CITY OF PARKERSBURG, et al., Defendants.**

Civ. A. No. 82–0105–P.

United States District Court, S.D. West Virginia, Parkersburg Division.

Feb. 2, 1984.

Gregory B. Chiartas, Preiser & Wilson, L.C., Charleston, W.Va., for plaintiff.

Diana Everett, Renner, Everett, Bush & Powell, Parkersburg, W.Va., for defendants.

MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Currently pending before the Court in this medical malpractice action is the Plaintiff's motion for a protective order, pursuant to *Rule* 26(c), Federal Rules of Civil Procedure. In particular, the Plaintiff moves the Court to enter an Order prohibiting the Defendants from taking the "evidentiary" deposition of a Doctor Sally H.

Swisher, M.D., a physician who the Plaintiff retained in anticipation of litigation, but who she does not intend[1] to call as a witness at the trial of this action. After having thoroughly considered the aforementioned motion, as well as the Defendants' response thereto, the Court hereby grants the same for the reasons set out below.

## I. Factual Background[2]

Prior to November 8, 1982, the Plaintiff contacted the law firm of Preiser & Wilson to investigate and pursue her interests in instituting a medical malpractice action against Camden Clark Memorial Hospital. Subsequent thereto, the Defendant underwent two nerve conduction studies at the direction of her treating physician, M. Barry Louden, M.D., at the Parkersburg Neurological Clinic. On or about September 16, 1983, one of the Plaintiff's attorneys forwarded the results of these nerve conduction studies to Dr. Swisher for her review and evaluation of the same. Dr. Swisher, who was only retained by the Plaintiff to render an opinion on these nerve conduction studies, neither reviewed the Plaintiff's medical records from Camden Clark Memorial Hospital nor examined the Plaintiff in formulating her opinion regarding the aforementioned nerve conduction studies. Dr. Swisher, who was paid $50.00 for her consultation, will not be called as a witness for the Plaintiff in the trial of this action.

## II. Rule 26(b)(4)(B), Federal Rules of Civil Procedure

In support of her motion for a protective order, the Plaintiff relies upon *Rule* 26(b)(4)(B), Federal Rules of Civil Procedure, which:

> "[G]overns the facts and opinions of experts who are not to be used at trial, but are instead retained only in anticipation of litigation or preparation for trial. These experts are subject to a more restrictive discovery standard. For experts not expected to testify, the rule is that discovery can only take place upon a showing of 'exceptional circumstances' under which it is 'impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means' . . . the reason for this rule is that while pretrial exchange of discovery regarding experts to be used as witnesses aids in narrowing the issues, preparation of cross examination and the elimination of surprise at trial, there is no need for a comparable exchange of information regarding non-witness experts who act as consultants and advisors to counsel regarding the course the litigation should take."

*Mantolete v. Bolger,* 96 F.R.D. 179, 181 (D.Ariz.1982) (citations omitted). *Accord, Hermsdorfer v. American Motors Corporation,* 96 F.R.D. 13 (W.D.N.Y.1982). *See also USM Corp. v. American Aerosols, Inc.,* 631 F.2d 420 (6th Cir.1980) (non-witness expert informally contacted in anticipation of litigation though not specifically retained); *Ager v. Jane C. Stormont Hospital & Training School for Nurses,* 622 F.2d 496 (10th Cir.1980) *(Id.).*[3] A party seeking to depose such an expert under *Rule* 26(b)(4)(B), therefore, bears a "heavy burden"[4] of

---

1. "The rule is clear that the test for whether a particular expert should be treated under *Rule* 26(b)(4)(A) or *Rule* 26(b)(4)(B) is determined by whether the expert is 'expected to testify,' and not by whether [s]he 'may testify.'" *Hoover v. U.S. Department of the Interior,* 611 F.2d 1132, 1141 n. 12 (5th Cir.1980).

2. *See* Chiartas affidavit in support of the Plaintiff's motion for a protective order, filed February 1, 1984.

3. The Defendants' reliance upon *Norfin v. International Business Machines Corp.,* 74 F.R.D. 529 (D.Col.1977), for the proposition that they

can examine Swisher on her qualifications as an expert, and on *U.S. v. International Business Machines Corp.,* 72 F.R.D. 78 (S.D.N.Y.1976), for the proposition that they can discover from her what information was given to her by the Plaintiff, is misplaced, inasmuch as those cases involved witness experts. As such, their holdings are limited to situations, unlike the one at bar, which are governed by *Rule* 26(b)(4)(A).

4. *See Hoover v. U.S. Department of the Interior, supra,* at 1142 n. 13, *citing Barkwell v. Strum Ruger Co.,* 79 F.R.D. 444, 446 (D.Alaska 1978).

showing exceptional circumstances"[5] which would warrant the same. Inasmuch as the Defendants at bar have failed to address this issue in their response to the Plaintiff's motion for a protective order,[6] much less borne the heavy burden which is incumbent upon them, the Court finds that they are not entitled to depose Dr. Swisher under *Rule* 26(b)(4)(B), Federal Rules of Civil Procedure.[7]

Accordingly, the Court hereby grants the Plaintiff's motion for a protective order and hereby quashes the Defendants' noticed deposition of Dr. Sally H. Swisher, M.D.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.

---

5. "The exceptional circumstances of which rule 26(b)(4)(B) speaks are those 'under which it is impracticable for the party seeking the discovery to obtain facts or opinions on the same subject by other means.' The subject referred to is not ... [Swisher's] testimony itself; rather, it is the group of topics upon which ... [the Defendants] would have ... [Swisher] testify.... Whatever might be said for ... [the Defendants'] claim of inability to approximate ... [Swisher's] personal versions through others, ... [the Defendants have] yet to establish that ... [they] cannot 'obtain facts or opinions on' those points 'by other means.' "
*Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 996 (D.C.Cir.1980).

6. The Defendants have not asserted that Swisher was an "examining" physician. *Cf., USM Corp. v. American Aerosols, Inc., supra,* at 424 n. 8.

7. "Rule 26 of the Federal Rules of Civil Procedure overrides and limits the more general provisions of the remaining discovery machinery described in rules 27 through 37." *Seiffer v. Topsy's International, Inc.,* 69 F.R.D. 69, 72 (D.Kan.1975). *See also Schalegenhauf v. Holder,* 379 U.S. 104, 117, 85 S.Ct. 234, 235, 13 L.Ed.2d 152 (1964). The Court finds, therefore, that the Defendants' contention that they are entitled to depose Dr. Swisher so as to be able to use her deposition testimony at trial, pursuant to *Rule* 32(a)(3)(B), Federal Rules of Civil Procedure, is without merit, inasmuch as they have not shown any exceptional circumstances which would warrant their taking of Dr. Swisher's deposition under *Rule* 26(b)(4)(B).