386 S.E.2d 489

**Ronald LUSTER and Sharon Luster**

v.

**James E. BROWN.**

**No. CC994.**

Supreme Court of Appeals of
West Virginia.

Oct. 30, 1989.

---

Kathryn R. Bayless, Bayless, Wills & Archer, Princeton, Kermit J. Moore, Bluefield, for appellant.

Ben B. White, III, Princeton, for appellee.

BROTHERTON, Chief Justice:

This case involves two questions certified to this Court from the Circuit Court of Mercer County. The questions are as follows:

1. Whether a party who is examined at the request of the opposing party (pursuant to West Virginia Rule of Civil Procedure 35) has a right to use the opinion of that examining physician either by supplying a copy of that report to any other physicians or experts, or by putting the report into evidence at trial, or by using the examining physician as a witness where the opposing party, who caused the examination to be made and paid for the examination, does not intend to use the examining physician as a witness and opposes the use of that physician's report; where that physician had been listed as a possible witness at trial and where the party who requested the examination had retained the physician to do an examination in preparation for trial and as a consultant; and where the alleged "exceptional circumstances" required by West Virginia Rule of Civil Procedure 26(b)(4)(B) are that the subject examining physician has an opinion concerning the examined party's condition different from that party's physician or expert witness in regard to the necessity of treatment?

The circuit court answered this question in the affirmative.

2. Whether Rule 35 requires a party to provide a copy of an examining physician's report of the condition of the opposing party to that party where the party requesting the examination determines not to use the examining physician as a witness at trial?

The circuit court answered this question in the affirmative.

This case concerns an automobile accident which resulted in an alleged temporomandibular joint (TM joint) problem in the plaintiff's jaw. Pursuant to Rule 35, the defendant retained Dr. John B. Gregg to perform a medical examination on the plaintiff for consultation. At the time of the pretrial conference, the court was aware that no report had been received from Dr. Gregg. Due to that fact, the defendant stated that Dr. Gregg was listed as a witness who "may" be called by the defendant. The plaintiff did not list Dr. Gregg as a witness. The court informed the defendant's counsel that if no report was received or made available to the plaintiff, Dr. Gregg could not be used as a witness. The defendant was advised to forward to the plaintiff a copy of that report or to inform the plaintiff's counsel that the defendant was not going to use

**124**

Dr. Gregg as a witness. Shortly thereafter, the defendant received a copy of Dr. Gregg's report and informed the plaintiff that he would not use Dr. Gregg as a witness.

Dr. Gregg's report expressed the opinion that, contrary to the plaintiff's own physician, the plaintiff should undergo surgery for the TM joint problem. The plaintiff, who requested a copy of the report, expressed his desire to use Dr. Gregg's report at trial. In response, the defendant filed a written motion requesting that the plaintiff be prevented from using Dr. Gregg's report. On November 11, 1988, an order was entered by the court which denied the defendant's motion and allowed the plaintiff to use Dr. Gregg as a witness at trial. This case is now before us on the certified questions presented.

In essence, the defendant below contends that the plaintiff is not entitled to use either the report or the testimony of Dr. Gregg at trial because the report was requested for the purposes of trial preparation and the party who requested the report did not chose to introduce the report or use the doctor as a witness at trial.

Rule 35 of the West Virginia Rules of Civil Procedure governs the physical examination of persons involved in a lawsuit. Rule 35(a) provides that the court can order a party to submit to an examination under certain circumstances, while Rule 35(b) permits the exchange of the report of examination if requested.

(b) Report of examining physician or other qualified expert.—(1) If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician or other qualified expert ... together with like reports of all earlier examinations of the same condition. After delivery the party causing the examination shall be entitled upon request to receive from the party against whom the order is made a like report of any examination, previously or thereafter made, of the same condition, unless, in the case of a report of examination of a person not a party, the party shows that he is unable to obtain it. The court on motion may make an order against a party requiring delivery of a report on such terms as are just, and if the physician or other qualified expert fails or refuses to make a report the court may exclude his testimony if offered at the trial.

Rule 26, by contrast, discusses general provisions regarding discovery. Rule 26(b)(3) deals specifically with trial preparation materials—those materials prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative.[1] Rule 26(b)(4) deals solely with the discovery of expert opinions.

(4) Trial Preparation: Experts.—Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

\* \* \* \* \* \*

(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

A comparison of Rule 35(b) and Rule 26(b)(4) reveals that, while both deal with expert's reports, Rule 35(b) clearly requires that when an actual physical examination is performed, the party examined is entitled to receive a copy of that report on the

---

1. Rule 26(b)(3) provides that the trial preparation materials can be discovered "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

condition that any like reports be relinquished by the party examined. Thus, as the subsequent editor's note points out, the purpose of Rule 35(b), along with the other rules of discovery, is to "aid in ascertaining the facts."

Rule 26(b)(3) and (4), while specifically aimed at trial preparation material, is more limited in scope. Applying only to trial preparation materials, Rule 26(b)(4) limits the right of the opposing party to discover the facts of an expert retained solely for the purposes of trial preparation. However, there are two important exceptions—upon a showing of "exceptional circumstances" or as provided in Rule 35(b). Rule 26(b)(4)(B), however, fails to distinguish between reports from actual physical examinations and reports resulting from the examination of documents and records only.

Unfortunately, we do not find any West Virginia case law which discusses this point. The defendant argues that *Michael v. Henry*, 177 W.Va. 494, 354 S.E.2d 590 (1987), would prevent the use of that report. In *Michael*, a malpractice suit, the plaintiff alleged that the circuit court should not have released the names and reports of his nontestifying experts. This Court held that the defendants, who had available to them the decedent's medical records, but failed to show that they were unable to obtain an expert who might interpret the records and render an opinion regarding the possible negligence of the party, failed to sustain their burden of showing exceptional circumstances justifying discovery of the identities and report of the plaintiff's nontestifying experts. *Id.* 177 W.Va. at 498, 354 S.E.2d at 594. The plaintiff counters that *Michael* is not applicable since the experts involved did not actually examine the plaintiff in accordance with Rule 35.

The defendant also claims support for his contention in *Barnes v. City of Parkersburg*, 100 F.R.D. 768 (S.D.W.Va.1984). In *Barnes*, the plaintiff was examined by a physician who was retained to render an opinion and was not to be called as a witness. The defendant sought to depose the physician for trial purposes, but the *Barnes* court refused, quoting from *Man-*

*tolete v. Bolger*, 96 F.R.D. 179, 181 (D.Ariz. 1982):

> Rule 26(b)(4)(B), Federal Rule of Civil Procedure which: "[G]overns the facts and opinions of experts who are not to be used at trial, but are instead retained only in anticipation of litigation or preparation for trial. These experts are subject to a more restrictive discovery standard."

*Id.* at 769.

Conversely, the plaintiff contends that he is entitled to both discover and use both that report and the testimony of that expert at trial, claiming that the defendant cannot hide the report and act as though it never occurred. He points to *Fitzpatrick v. Holiday Inns, Inc.*, 507 F.Supp. 979 (E.D.Pa.1981), in support of his argument. In *Fitzpatrick*, the plaintiff was examined by a physician pursuant to the defendant's request. The physician delivered the report to the defendant, who referred a copy to the plaintiff. The defendant, after receiving the report, decided not to have the physician testify nor use the report at trial, and stated that the plaintiff could not utilize the report either. *Id.* at 979. The Pennsylvania court held that the plaintiff could subpoena the physician to testify at trial since he had already examined the plaintiff and could cross-examine him as to the preparation of the report, his facts and opinions. *Id.* at 980.

Although we recognize that the federal courts tend toward limiting the scope of discovery in similar situations, we cannot help but agree that the defendant cannot obtain a report, initially stating that it may be used at trial, and then change his mind once the report is received, pretending it never occurred. Unlike the federal cases cited by the defendant, the present case involves an actual physical examination which occurred under the auspices of Rule 35(b), which permits and encourages the free exchange of information between the parties when such an examination occurs.

More importantly, by its terms, Rule 26(b)(4)(B) provides two exceptions to the general rule limiting discovery of expert opinions prepared in anticipation of litiga-

tion—through a showing of "exceptional circumstances" or *as provided in Rule 35(b)....*" (Emphasis added.) Thus, we believe the better rule is to permit the opposing party to discover and use the report of an actual physical examination performed pursuant to Rule 35(b) of the West Virginia Rules of Civil Procedure. We caution that this rule does not extend to reports obtained outside Rule 35(b), such as experts who merely review prior reports and documents in reaching their opinion in anticipation of litigation. Such a situation is clearly and completely covered by Rule 26(b)(4)(B) and needs no interpretation.

In the face of possible objection, we note that our interpretation works both ways. We expect full compliance with Rule 35(b) by both parties to this action, especially plaintiffs who are in a better position to hide unfavorable reports since the defense may not know that an examination occurred. Once Rule 35(b) is invoked, the opposing party is duty bound to give a complete reporting, upon request, of all like physical examinations, "previously or thereafter made," performed upon a party to the action, which can then be used by the opposition. Failure to do so would subject that party to severe sanctions by the Court.

Accordingly, for the reasons stated above, we answer the certified questions in the affirmative and hold that an opposing party can both discover and utilize a report obtained pursuant to Rule 35(b) of the West Virginia Rules of Civil Procedure, despite the fact the party requesting the examination chooses not to introduce the report or have the expert testify at trial.

Certified questions answered, case remanded for disposition.