## Thomas v. Germantown Hospital and Medical Center

*Gustine J. Pelagatti,* for plaintiffs.

*Eileen Lampe,* for defendant Germantown Hospital and Medical Center.

*George L. Young Jr.,* for defendants Seymour Stein, M.D., and Neil Edward Sloane, M.D.

HILL, *J.,* September 9, 1992 —

The issue presented in plaintiffs' petition for a protective order is whether the defendants may produce as their witness at trial an expert originally retained by the plaintiffs in anticipation of litigation whom the plaintiffs do not plan to call as their witness at trial.

The plaintiffs have filed a motion for a protective order regarding the defendants' proposed videotape trial deposition of Dr. Lesser, an expert originally retained by the plaintiffs but whom the plaintiffs do not plan to call as a witness at trial. Dr. Lesser reviewed certain medical records forwarded by plaintiffs' attorney, examined the minor-plaintiff, and wrote a letter to plaintiffs' attorney on February 27, 1991, stating the results of his review and examination and his opinions. Defense counsel obtained a copy of Dr. Lesser's records regarding the minor-plaintiff and seeks to call Dr. Lesser to testify at trial.

Although no Pennsylvania appellate court decision has addressed this precise issue, the Superior Court of New Jersey considered the issue in *Graham v. Gielchinsky,* 241 N.J. Super. 108, 574 A.2d 496 (1990), *aff'd,* 599

A.2d 149 (1991). In *Graham,* the plaintiff was sent by his attorney to Dr. Primich for an expert opinion as to the defendant's alleged malpractice. *Id.* at 498. Dr. Primich's opinion was unfavorable to the plaintiff. *Id.* In some way, not shown by the evidence, the defense counsel obtained a copy of Dr. Primich's report and produced the doctor to testify on the defendant's behalf. The plaintiff argued that the trial court erred in permitting Dr. Primich to testify for the defendant because Dr. Primich had been initially retained by the plaintiff. *Id.*

The *Graham* court held that the trial court did not err in permitting Dr. Primich to testify. *Id.* The court cited several similar cases where courts stated that "the interests of truth outweighed any expectation of allegiance a party might have in consulting a prospective expert witness in preparation for trial," and that "no party to litigation has anything resembling a proprietary right to any witness's evidence." *Id.* The court further found that Dr. Primich's testimony did not violate a trust relationship because the patient-physician privilege did not apply and the plaintiff did not establish that he disclosed confidential information to Dr. Primich. *Id.* Finally, the court rejected the argument that the doctor's expert opinion was the work product of the plaintiff's lawyer. *Id.*

The Eastern District of Pennsylvania and several neighboring states' appellate courts have addressed similar issues. In *Fitzpatrick v. Holiday Inn, Inc.,* 507 F. Supp. 979 (E.D. Pa. 1981), the plaintiff was examined by a doctor at the defendant's request. *Id.* at 979. Pursuant to Rule 35 of the Federal Rules of Civil Procedure, the defendant gave the plaintiff a copy of the doctor's report.

*Id.* The defendant decided not to call the doctor as a witness or to offer his report into evidence. *Id.* The plaintiff, however, intended to use the doctor's report at trial, but the defendant refused to stipulate to its authenticity. *Id.* The plaintiff therefore sought to subpoena the doctor who prepared the report as the only witness who could lay the necessary foundation. *Id.* The *Fitzpatrick* court permitted the plaintiff to use the report and to subpoena the doctor, but limited the doctor's testimony to the preparation and contents of the report. *Id.* at 980.

Similarly, in *Pinkett v. Brittingham*, 567 A.2d 858 (Del. 1989), the plaintiff was examined by a doctor designated by the defendant. *Id.* at 860. As required by the Delaware Superior Court Civil Rule 35(b), the defendant sent the plaintiff a copy of the doctor's report. *Id.* The defendant did not call the doctor as a witness and alleged that the trial court erred in permitting the doctor to testify on behalf of the plaintiff. *Id.* The Supreme Court of Delaware held that the trial court did not abuse its discretion in permitting the doctor to testify because his testimony was properly limited to the contents of his report. *Id.*

Further, in *Cogdell v. Brown*, 220 N.J. Super. 330, 531 A.2d 1379 (1987), the plaintiffs sought to call as their witness at trial an examining doctor originally retained by the defendant. *Id.* at 1380. The defendant objected to the doctor's testimony as a breach of loyalty and allegiance. *Id.* The court nevertheless permitted the doctor to testify, stating that the plaintiffs would otherwise be deprived of a fair trial. *Id.* The court explained:

"As a general proposition ... no party to litigation has anything resembling a proprietary right to any witness's

evidence. Absent a privilege no party is entitled to restrict an opponent's access to a witness, however partial or important to him, by insisting upon some notion of allegiance. Even an expert whose knowledge has been purchased cannot be silenced by the party who is paying him on that ground alone."

*Id.* See also *Sims v. Zayre Corp.,* No. 88C-DE-211 (De. Super. May 8, 1990) ("rule that an independent medical examiner's testimony could always be blocked by the party who sought the examination and did not like the results would result in precluding a party in many cases from entering evidence that might be highly relevant"); *Fenlon v. Thayer,* 127 N.H. 702, 506 A.2d 319, 322 (1986) (trial court incorrectly prevented plaintiff from calling as witness expert originally consulted by defendant).

In the instant case, the plaintiffs argue in support of their petition for a protective order that the proposed videotape testimony of Dr. Lesser would violate Pennsylvania Rules of Civil Procedure 4017.1(a) and 4003.5(A)(3). Pa.R.C.P. 4017.1(a) states:

"Any deposition taken upon oral examination may be recorded by videotape. Except as provided by this rule the rules of this chapter governing the practice and procedure in depositions and discovery shall apply."

The plaintiffs argue that if a party chooses to take a videotape deposition pursuant to Pa.R.C.P. 4017, and later use it for trial, Pa.R.C.P. 4003.5(A)(3) would then apply. Pa.R.C.P. 4003.5(A)(3) prohibits discovery of an expert whom another party retained in anticipation of litigation but does not plan to call as a witness at trial.

The court does not believe that Pa.R.C.P. 4017.1 applies. A reading of this rule shows that it deals with the mechanics and procedures which govern the actual recording of the testimony. This rule does not concern the admissibility of evidence at the videotape trial deposition.

The plaintiffs next argue that the proposed videotape deposition of Dr. Lesser would prejudice them because they relied on Judge Hill's order of April 20, 1992, listing June 30, 1992, as the discovery expert deadline. Plaintiffs' counsel explains that he did not anticipate the proposed September 14, 1992, testimony of Dr. Lesser in preparing his own expert for his trial testimony videotape taken on August 24, 1992. The plaintiffs, however, were notified in July 1991 that the defendants sought to obtain discovery of Dr. Lesser's records regarding the minor-plaintiff. Furthermore, on or about February 27, 1991, plaintiffs' attorney received a letter from Dr. Lesser stating his conclusions regarding his examination of the minor-plaintiff and review of medical records. Plaintiffs, therefore, knew what the substance of Dr. Lesser's testimony would be. These facts fail to demonstrate any prejudice or unfair surprise to the plaintiffs.

Finally, the plaintiffs have alleged, without any explanation or supporting authority, that Dr. Lesser's videotape deposition would violate the work product rule because the letter the plaintiffs sent to Dr. Lesser dated December 20, 1990, and Dr. Lesser's expert opinion letter of February 27, 1991, are plaintiff counsel's work product. The work product privilege, however, protects from discovery only an attorney's mental impressions, conclusions and opinions respecting legal theories and strategies. *Hickman v. Taylor,* 329 U.S. 495, 510-12 (1947). Plaintiff

counsel's letter to Dr. Lesser requesting an expert opinion and Dr. Lesser's expert opinion letter do not violate the work product privilege. See *Graham, supra,* 574 A.2d at 498 (plaintiff's doctor's expert opinion is not work product of plaintiff's lawyer). Furthermore, although the plaintiffs were notified in July 1991 that the defendant was seeking to obtain discovery of Dr. Lesser's records regarding the minor-plaintiff, the plaintiffs failed to object or request a protective order.

This court is persuaded by the cases discussed above, that Dr. Lesser should be permitted to testify on behalf of the defendants by means of a videotape deposition. As in *Fitzpatrick* and *Pinkett, supra,* however, Dr. Lesser's testimony must be generally limited to the preparation and contents of his report dated February 27, 1991; otherwise, there might be a possibility of surprise. This is similar to the physician who prepared the report sought to be introduced in *Graham, supra;* Dr. Lesser is the only witness who can lay the necessary foundation.

It should be noted that the instant case is not one such as *Durflinger v. Artiles,* 727 F.2d 888 (10th Cir. 1984), where the trial judge prohibited an expert originally retained by the plaintiffs from testifying on behalf of the defendants because the defendants had disregarded the federal discovery rules. In *Durflinger,* the plaintiffs originally retained Dr. Dyck as an expert, but notified the defendants that they did not plan to call him as a witness at trial. *Id.* at 891. The defendants, however, contacted Dr. Dyck, obtained a copy of his evaluation of the plaintiff, and sought to call him as a witness at trial. *Id.* The *Durflinger* court stated that Rule 26 of the Federal Rules

of Civil Procedure would most likely have precluded the defendants from obtaining Dr. Dyck's report and testimony. *Id.* The court therefore concluded that the defendants' disregard of the discovery rules, coupled with the prejudice Dr. Dyck's opinion might cause the plaintiffs, justified the exclusion of Dr. Dyck's trial testimony. *Id.* The court stated, however, that "in different circumstances we recognize that a trial judge might not be required to exclude the testimony of a witness consulted in violation of the rules of discovery." *Id.*

The present case differs from *Durflinger* because in *Durflinger* the defendants completely circumvented the discovery process by failing to notify the plaintiffs of their intention to seek discovery of Dr. Dyck's records. In the present case, the defendants notified the plaintiffs in July 1991 that they sought discovery of Dr. Lesser's records . The plaintiffs, however, failed to object or seek a protective order.

Furthermore, while the *Durflinger* court stated that the discovery rules would most likely have precluded the defendants from obtaining Dr. Dyck's reports, in the present case the discovery rules would allow the defendant to obtain the results of Dr. Lesser's examination of the minor-plaintiff.

Rule 4010(a) of the Pennsylvania Rules of Civil Procedure permits a defendant, in a case where the mental or physical condition of a plaintiff is in controversy, to request that the plaintiff be- examined. A plaintiff who is examined under Pa.R.C.P. 4010(a) is entitled upon request to receive from the defendant a copy of the examining physician's report. Pa.R.C.P. 4010(b)(1). After the defen-

dant delivers such report, however, the defendant is entitled to receive upon request from the plaintiff, a like report of any examination, previously or thereafter made, of the same condition. Pa.R.C.P. 4010(b)(1). Furthermore, Pa.R.C.P. 4010 states that "by requesting and obtaining a report of the examination so ordered ..., the party examined waives any privilege he may have in that action ... regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same mental or physical condition."

In the instant case, the minor-plaintiff submitted to an examination by the defendant's expert, Dr. Grover. On October 3, 1991, the Honorable Eugene Edward J. Maier entered an order directing the defendant, Germantown Hospital, to answer the plaintiffs' expert witness interrogatories. The defendants thereafter sent the plaintiffs a copy of Dr. Grover's report. At this time, the defendants were entitled to receive a copy of Dr. Lesser's report. The instant case is therefore readily distinguishable from *Durflinger.*

Accordingly, plaintiffs' petition for a protective order is denied.

## ORDER

And now, September 9, 1992, upon consideration of plaintiffs' petition for a protective order and all responses thereto, it is hereby ordered that said petition is denied and the defendants may conduct the trial deposition of Phillip S. Lesser, M.D., as noticed on September 14, 1992.