566 F.Supp. 1090 (1983)
Steven M. FERGUSON, and Sally A. Ferguson, Plaintiffs,
v.
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant.
No. 81-0463-C(5).
United States District Court, E.D. Missouri, E.D.
June 13, 1983.
Motion for New Trial Denied June 20, 1983.
*1091 George E. Schaaf, Clayton, Mo., for plaintiffs.
Russell F. Watters, Daniel T. Rabbitt, Brown, James, Rabbitt, Whaley, McMullin & Pitzer, St. Louis, Mo., for defendant.

MEMORANDUM OPINION
CAHILL, District Judge.
Steven M. Ferguson and his wife, Sally A. Ferguson, commenced this diversity action for damages claiming that American Family Mutual Insurance Company (American Family) breached a contract for insurance by refusing to pay for damages to the Fergusons' home caused by a fire. The Fergusons seek in damages $50,500 to restore the premises to their condition immediately preceding the fire, $12,500 for reasonable living expenses, and $25,500 for the loss of unscheduled personal property pursuant to the contract for insurance. Based on the total amount of requested damages ($93,500), the Fergusons also seek an additional 20 percent of that amount ($18,700) for American Family's vexatious refusal to pay on the insurance policy. Thus, the Fergusons request a total amount of $112,200 with prejudgment interest calculated from December 29, 1980, the day the Ferguson house was destroyed by fire. American Family argues that it owes the Fergusons nothing because the evidence shows that the fire that destroyed the Fergusons' home was of incendiary origin and that the Fergusons were the likely perpetrators. American Family further argues that under those circumstances it is not liable to pay for the destroyed property under the terms of the insurance policy.
The case was tried to the Court and lasted two days. The parties presented live testimony and various exhibits for the Court's consideration. Based on the record before the bench and the following findings of fact and conclusions of law, the Court concludes that American Family should have judgment against the Fergusons.

FINDINGS OF FACT
1. The Fergusons were the owners of the real property located at 2485 Allan Avenue, Florissant, Missouri, and the personal property contained therein.
2. The Fergusons were insured by American Family under insurance policy number XX-XXXXXXX which provided coverage on the home for $55,400 and the contents within the home for $27,700. A local lending institution, Roosevelt Federal Savings and Loan, was listed as a mortgagee on that policy.
3. On December 29, 1980, a fire occurred at the Fergusons' home that extensively damaged the Fergusons' real and personal property.
4. The Fergusons made a claim against American Family for fire damage in the amount of $95,100 which was denied by American Family because the insurance company believed that the Fergusons intentionally set the fire to obtain the insurance proceeds.
5. All parties agree that the fire of December 29, 1980, was of incendiary origin.
*1092 6. Sally Ferguson was the last person to leave the home prior to the discovery of the fire. Although Sally Ferguson normally left the home every morning at around 7:00 o'clock A.M., on the morning of December 29, 1980, she left the home between 6:00 o'clock and 6:15 A.M. Sally Ferguson claimed that she departed the home earlier that morning because she had to pick up some money from the home of Steven Ferguson, her husband. Sally and Steven had separated earlier in 1980 and Steven had obtained another temporary dwelling place.
7. Officers of the Florissant, Missouri Police Department were the first to arrive at the scene of the fire on the morning of December 29, 1980. One of the responding officers found the house fully secured and had to break the front door down to gain entry.
8. The Florissant Fire Department arrived at the scene at approximately 7:10 A.M. on the morning of December 29 and immediately went to the rear of the house because that was the main location of the fire. The responding firemen saw glass from shattered window panes lying on the outside of the house but otherwise found the home fully secured and had to break the back door down to gain entry into the home. The firemen at the scene testified that the glass lying on the ground was charred with smoke, indicating that the fire was the cause of the breakage.
9. Upon entry into the home the firemen discovered a whistling sound that later was determined to be a disconnected gas line leading to the water heater. The Laclede Gas Company was called to the scene and concluded that excessive pressure was not the cause of the disconnection, that the regulator on the gas main located on the exterior of the residence had been tampered with, and that the threads on the gas line hookups were still intact, having no strip marks, with a carbon deposit on the interior threads indicating that the line was disconnected prior to the fire.
10. Based upon the testimony of the firemen who investigated the scene, the Court concludes that the fire was started by an electric heater that was located on the interior wall of a utility room that was plugged into a timer which was plugged into an electric wall socket. Also, as indicated in the defendant's Exhibit K, which includes a supplementary investigative and/or disposition report, the Court concludes that the fire was started by placing a foreign substance (terry cloth) on the front of the heater to obtain an ignition once the heater was turned on by the automatic timer. After the terry cloth had ignited the fire was carried through the home by a flammable substance as indicated by the burn patterns shown in the defendant's exhibits.
11. As stated before, the Fergusons do not deny that the fire was the result of an arsonist but maintain that someone else set the fire to harass them because Steven Ferguson is black and Sally Ferguson is white. The evidence shows that in the summer of 1979 someone punctured the gas tank of the Fergusons' car while in their driveway, that on another occasion a fire was set at approximately 2:00 A.M., also in the summer of 1979, on the Fergusons' front porch, that in December 1979 someone cut the Fergusons' electrical Christmas tree lights causing another fire, and that during the summer of 1979 someone entered the Fergusons' home and turned on all of the gas burners on the stove. Although the Court sympathizes with the Fergusons for having been subjected to such harassment in the past, the Court does not find the Fergusons' explanation of the origin of the fire to be persuasive.
12. The record also shows that the Fergusons were in deep financial difficulty at the time this fire occurred. The record clearly indicates that in January, 1981 the Fergusons were going to lose their home through foreclosure. Also, Steven Ferguson had a substantial amount in debts that he was personally liable for as a surety for a couple of his now defunct corporations.
13. The Court concludes that more likely than not, the Fergusons intentionally set the fire at 2485 Allan in Florissant, Missouri.

*1093 CONCLUSIONS OF LAW
1. It is firmly settled law in Missouri that in a civil action on an insurance policy, the defense of arson by the insured need be established only by a preponderance of the evidence and not beyond a reasonable doubt, and it may be established by circumstantial evidence. McIntosh v. Eagle Fire Company of New York, 325 F.2d 99 (8th Cir.1963); Miele v. Boston Insurance Company, 288 F.2d 178 (8th Cir.1961); State of Missouri v. Ferrara, 320 S.W.2d 540 (Mo.1958).
2. In the instant case the evidence shows that more likely than not the Fergusons were the only ones who had access to the destroyed home prior to the fire. The only evidence to support the Fergusons' position that someone else set the fire is the past experiences that the Fergusons have had with their neighbors which is insufficient to convince this Court that such experiences were the basis for the incendiary fires.
3. The Court stresses the point that it only finds today that it is merely more likely than not that the Fergusons set the fire in question in this case. As indicated above, the burden of proof in this case is much less stringent than that needed for criminal conviction. In the Court's estimation the evidence before the bench is clearly insufficient to find criminal liability. The Court only holds today that by a preponderance of the evidence American Family has shown that the Fergusons more likely set the fire to their home than any other person or persons who may have had an opportunity to do so.
4. In light of the foregoing findings of fact and conclusions of law, the Court is constrained to conclude that more likely than not the Fergusons intentionally set the fire that destroyed their home at 2485 Allan in Florissant, Missouri, on December 29, 1980, and that American Family should have judgment against the Fergusons in this action.