**Wendell THOMURE and Dorothy Thomure, Appellants,**

v.

**TRUCK INSURANCE EXCHANGE, Appellee.**

No. 85–1031.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 4, 1985.

Decided Jan. 8, 1986.

Kenneth L. Dement, Jr., Sikeston, Mo., for appellants.

Daniel E. Wilke, Clayton, Mo., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Wendell and Dorothy Thomure appeal an adverse judgment entered on a jury verdict in their claim against Truck Insurance Exchange on their fire insurance policy. There was no question about the existence of insurance and the occurrence of the fire; the essential issues tried involved the claim of arson. The Thomures argue that there

was insufficient evidence to support a jury finding of arson and that defense counsel in closing argument made misstatements of the evidence that were sufficiently prejudicial to require a new trial. We affirm the judgment of the district court.[1]

After fire destroyed the Thomure residence, the Thomures' claim for benefits under their fire policy was denied by Truck Insurance Exchange, which asserted that the fire had been intentionally set. The Thomures then brought this diversity action. In Missouri, the defense of arson in a civil action on an insurance policy need only be established by a preponderance of the evidence, and the evidence may be circumstantial rather than direct. *Ferguson v. American Family Mutual Insurance Co.*, 566 F.Supp. 1090, 1093 (E.D.Mo.1983). The burden of proof is on the defendant to show that the insured intentionally set the fire, but a broad range of circumstantial evidence may be admitted for the jury to consider. *McIntosh v. Eagle Fire Co.*, 325 F.2d 99, 100 (8th Cir.1963).

Three experts testified that the fire was incendiary in origin and was of such a high temperature as to bend the steel beam and melt bedsprings and wiring, unusual conditions in a house fire. Plaintiffs had one expert who said the fire was electrical. Wendell Thomure had purchased four gallons of kerosene before the fire which had been placed in the clothes closet. There was testimony that the fire was of gasoline origin and that a liquid accelerant had been poured throughout the structure and had caused an irregular burn pattern on a threshold plate with signs of fire burning beneath it. Defendant elicited testimony from the Thomures on various matters which, although not suspicious when viewed separately, would allow the jury to infer that plaintiffs had both a motive and an opportunity to set the fire. Plaintiffs' house was insured for twice its purchase price, and they made extremely large claims for destroyed personal property.

Mr. Thomure was in poor health, and everything he owned, including the house, had been for sale for four years before the fire. Plaintiffs' adult son, Mike, lived with them. All three were uncharacteristically away from the house the night of the fire. No one else had keys. Mike, who discovered the fire at 3:00 a.m., did not testify. Before the fire there was evidence that the Thomures had moved firewood, household furnishings and a dog from the premises. Because the Thomures were away, Dorothy, Wendell and Michael Thomure's cars were gone and the vehicles that were left were a driveway's width away from the house. Wendell Thomure was the last to leave the house and he left it locked.

Recently in *Craft v. Metromedia, Inc.*, 766 F.2d 1205 (8th Cir.1985), this court set out the standards for review of the submissibility of an issue to the jury. We there stated:

> The standard of review as to the submissibility of [the proponent's] case is the same under both federal and Missouri law. *Crues v. KFC Corp.*, 729 F.2d 1145, 1148 (8th Cir.1984). We may find for [the other party] only if "all the evidence points one way and is susceptible of no reasonable inferences sustaining the position," of [the proponent]. *Id.* (quoting *Dace v. ACF Industries*, 722 F.2d 374, 375 (8th Cir.1983) (quoting *Decker-Ruhl Ford Sales v. Ford Motor Credit Co.*, 523 F.2d 833, 836 (8th Cir. 1975)). Furthermore, we must resolve direct factual conflicts in favor of [the proponent], assume as true all facts in [its] favor which the evidence tends to prove, and give [it] the benefit of all reasonable inferences. We may not find for [the other party] if the evidence so viewed would "allow reasonable jurors to differ as to the conclusions that could be drawn." *See Crues*, 729 F.2d at 1148 (quoting *Dace*, 722 F.2d at 375).

*Id.* at 1218.

■ In *Lockamy v. United States Fidelity & Guaranty Co.*, 652 F.2d 753 (8th

---

**1.** The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

Cir.1981) (per curiam), this court declined to overturn a jury verdict for the insurance company in an arson defense case. The issue in *Lockamy* was whether there was sufficient evidence to show that the insured actually started the fire or directed someone to start it. The court listed several factors which tended to support the inference that she did. Although not all of those factors are present in this case, a number of significant factors are. We are unable to conclude that the evidence outlined above, considered in light of the standards that govern our review, is insufficient for a jury to make a finding of arson.

The Thomures also assert that counsel for the insurer misquoted the evidence with respect to the kerosene in the house and when he stated that the carpets were saturated. No objection was made to the argument of the saturation of the carpet. When the kerosene was first mentioned, there was no objection and when it was brought up a second time, the objection made had primary reference to the failure of Mike Thomure to testify. When statements in a closing argument are not objected to at trial, we may only review them on a plain error standard. *Rogers v. Rulo*, 712 F.2d 363, 367 (1983); *cert. denied*, 464 U.S. 1046, 104 S.Ct. 719, 79 L.Ed.2d 181 (1984). We may reverse only in extraordinary situations, if the error is so prejudicial as to cause a miscarriage of justice. *Id.* We find that these statements do not meet that standard.

The Thomures also urge that opposing counsel improperly argued that Mike Thomure, the son of Wendell and Dorothy Thomure, did not testify. We observe that Mike Thomure lived in the house with Wendell and Dorothy. We have recognized that in civil trials there may be comment on the failure of a party to call available witnesses whose testimony the party would naturally be expected to produce if favorable to him. *Johnson v. Richardson*, 701 F.2d 753, 757 (8th Cir.1983); *Lange v. Schultz*, 627 F.2d 122, 127 (8th Cir.1980);

*Duncan v. St. Louis-San Francisco Railway Co.*, 480 F.2d 79, 85 (8th Cir.), *cert. denied*, 414 U.S. 859, 94 S.Ct. 69, 38 L.Ed.2d 109 (1973). Furthermore, an objection to this argument was sustained, and plaintiff did not make a motion for mistrial at the time of the argument. We decline to reverse on this ground. *See Sanden v. Mayo Clinic*, 495 F.2d 221, 227 (8th Cir. 1974). We find no abuse of discretion in the denial of the motion for a new trial based on the claimed impropriety in argument. *See Vanskike v. Union Pacific Railroad Co.*, 725 F.2d 1146, 1149 (8th Cir.1984).

We affirm the judgment of the district court.