Werner KUSTER, as trustee for the heirs and next-of-kin of Ruth Kuster, deceased, Plaintiff,

v.

Stephen HARNER, M.D., Michael Miltich, M.D., Mayo Foundation, a Minnesota Corporation, and Rochester Methodist Hospital, Defendants.

No. 3–84–CIV 1309.

United States District Court,
D. Minnesota,
Third Division.

Feb. 3, 1986.

Hvass, Weisman & King by Michael W. Unger, Minneapolis, Minn., and Windle Turley and Paula Sweeney, Dallas, Tex., for plaintiff.

Dorsey & Whitney by Thomas Tinkham and Stephen P. Lucke, Minneapolis, Minn., for defendants.

## ORDER

ALSOP, Chief Judge.

This matter comes before the undersigned upon defendant's appeal from Magistrate Symchych's Order dated December 11, 1985. The only portion of the magistrate's Order from which defendants appeal is her decision to deny defendants' motion to compel plaintiffs to answer defendants' Interrogatory Number 7.

Defendants' Interrogatory Number 7 requests plaintiffs to "identify each person you have consulted or retained in anticipation of litigation or preparation for trial who is not expected to be called as a witness for trial." By a subsequent letter dated January 13, 1985, (sic), counsel for defendants indicated that the interrogatory requests only the identity of experts who have been retained or specially employed, not those who have been informally consulted. Plaintiff objected to this Interrogatory for the reason that the information requested is attorney work product and, therefore, is not discoverable. The magistrate declined to compel discovery, but did so on grounds other than those offered by plaintiff. Instead, she based her Order upon the reasoning of the court in *Ager v. Stormont Hospital and Training School for Nurses,* 622 F.2d 496 (10th Cir.1980).

In *Ager* the court based its decision upon subdivision (b)(4)(B) of Fed.R.Civ.P. 26. Subdivision (b)(4)(B) provides as follows: .

> B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

The court noted the Advisory Committee Note to the 1970 Amendment, in which the drafters of subdivision (b)(4)(B) wrote:

> Subdivision (b)(4)(B) ... precludes discovery against experts who were informally consulted in preparation for trial, but not retained or specially employed. As an ancillary procedure, a party may on a proper showing require the other party to name experts retained or specially employed but not those informally consulted.

Accordingly, the court held that:

> the "proper showing" required to compel discovery of a non-witness expert retained or specially employed in anticipation of litigation corresponds to a showing of "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

*Ager* 622 F.2d at 503. Thus the court summarized its position as follows:

> the identity, and other collateral information concerning an expert who is retained or specially employed in anticipation of litigation, but not expected to be called as a witness at trial, is not discoverable except as "provided in Rule 35(b) or upon a showing of exceptional circumstances

under which it is impracticable for the party seek discovery to obtain facts or opinions on the same subject by other means."

*Id.*

Defendants criticize the magistrate's reliance upon *Ager* on several grounds. First, defendants describe *Ager* as a "case subscribing to a minority view," and contend that a majority of courts considering the issue have permitted discovery of the identity of experts retained or specially employed, but not expected to testify, without a showing of exceptional circumstances. Defendants' assessment of the weight of authority may be accurate in terms of the gross number of reported cases supporting the respective views. Nevertheless, it is clear that the view expressed in *Ager* has become the prevailing one in the years since *Ager* was decided. *See, e.g., Durflinger v. Artiles,* 727 F.2d 888, 891 (10th Cir.1984); *Gidlewski v. Bettcher Industries, Inc.,* 38 F.R.Serv.2d 664 (E.D.Pa. 1983); *In re Sinking of Barge Ranger I,* 92 F.R.D. 486, 488–89 (S.D.Tex.1981). Thus the magistrate's reliance upon *Ager* was consistent with the prevailing law.

Defendants next criticize the *Ager* decision on the ground that the court improperly relied upon policy considerations. Defendants contend a court "should not consider the various policies favoring or disfavoring the discovery of non-testifying experts when the rule expressly provides for such discovery." It is clear that policy arguments exist in support of each position in this dispute. The court, however, agrees with defendants' assessment that policy arguments lack persuasive force in the face of clearly settled law. Accordingly, the court will not discuss the policy arguments made by the *Ager* court on the one hand and those urged by the defendants on the other. The court, however, must disagree with defendants' contention that Rule 26(b) expressly provides for discovery of non-testifying experts.

Defendants base their motion to compel plaintiffs to disclose the identity of their non-testifying experts on the rationale found in *Baki v. B.F. Diamond Construction Co.,* 71 F.R.D. 179 (D.Md.1976). The *Baki* court focused on subdivision (b)(1) of Rule 26, which provides in part for discovery of "the identity and location of persons having knowledge of any discoverable matter." The court concluded, "such a broad umbrella encompasses the category of experts, who have been retained or specially employed in anticipation of litigation or preparation for trial and who are not expected to be called as witnesses at trial, since they may have knowledge of the matter discoverable or potentially discoverable under the provisions and requirements of Rule 26(b)(4)(B)." *Id.,* at 181–82. Therefore, absent subsequent limitation, Rule 26(b)(1) allows discovery of the identity of non-testifying experts. The court determined that Rule 26(b)(4)(B) does not constitute such a limitation, and accordingly permitted the plaintiffs to discover the identity of defendants' non-testifying experts. *Id.,* at 182.

This court takes a different view of Rule 26(b)'s import. Subdivision (b)(1) does indeed create a general rule which, absent subsequent limitation, would permit discovery of the identity of non-testifying experts on the theory that they are "persons having knowledge of discoverable matter." Subdivision (b)(4), however, provides:

Discovery of facts known and opinions held by [non-testifying] experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as [provided for in subdivision (b)(4)(B) ].

Thus subdivision (b)(4)(B)'s restriction on discovery of non-testifying experts constitutes a specific limitation upon the general rule of discovery found in subdivision (b)(1).

The position of the drafting committee with regard to a request for discovery of the identity of non-testifying experts is set forth in the Advisory Committee Note to the 1970 Amendment to Rule 26. There the drafters wrote:

Under [subdivision (b)(4)(B) ], a party may discover facts known or opinions

held by such an expert only on a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. In the next paragraph the drafters wrote: Subdivision (b)(4)(B) ... precludes discovery against experts who were informally consulted in preparation for trial, but not retained or specially employed. *As an ancillary proceeding a party may on a proper showing require the other party to name experts retained or specially employed* but not those informally consulted. (Emphasis added). The text emphasized above, providing for discovery of the identity of non-testifying experts "on a proper showing," is meaningful only when read in light of the preceding paragraph. That paragraph recites the subdivisions' requirement of a "showing of exceptional circumstances under which it is impractical for the parties seeking discovery to obtain facts or opinions on the same subject by other means." Therefore, the court holds that the "proper showing" required to compel discovery of a non-testifying expert retained or specially employed in anticipation of litigation corresponds to a showing of "exceptional circumstances under which it is impracticable for the parties seeking discovery to obtain facts on the same subject by other means." *Accord, Ager v. Stormont Hospital and Training School for Nurses,* 622 F.2d 496, 503 (10th Cir.1980). The party "seeking disclosure under Rule 26(b)(4)(B) carries a heavy burden" in demonstrating the existence of exceptional circumstances. *Id.; Hoover v. United States Department of Interior,* 611 F.2d 1132, 1142 n. 13 (5th Cir.1980). Defendants have not attempted such a showing in this case.

Based upon the foregoing, the record as presently constituted, and the submissions of the parties,

IT IS ORDERED That Magistrate Symchych's Order dated December 11, 1985, denying defendants' motion to compel plaintiffs to answer Defendants' Interrogatory Number 7, hereby is affirmed.