**Ver Dell COX as Debtor in Possession of the Estate of Ver Dell Cox, etc., et al., Appellants,**

v.

**PIPER, JAFFRAY & HOPWOOD, INC., et al., Appellees.**

**No. 88–1395.**

United States Court of Appeals, Eighth Circuit.

Submitted March 28, 1988.

Decided April 21, 1988.

Edward Ronwin, Urbandale, Iowa, for appellants.

Robert L. Schnell, Jr., Minneapolis, Minn., for appellees.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

On March 17, 1988, appellants filed a motion for a temporary stay pending appeal of arbitration proceedings scheduled to begin on March 28, 1988. On March 25, 1988, we granted the temporary stay pending further order of the court and scheduled oral argument by telephone conference call for March 28, 1988. We have heard oral argument and now order the temporary stay vacated and the appeal dismissed for lack of appellate jurisdiction.

Appellants are former investors in commodities futures. In February 1987 they sued their former account executive and brokerage firm, alleging the account executive had "churned" their accounts and committed other unlawful acts. One appellant, Jones, had signed an arbitration agreement, and in April 1987, the district court[1] granted appellees' motion to compel arbitration of Jones's claims and stayed the lawsuit with respect to Jones's claims pending the conclusion of the arbitration proceeding. Litigation of the claims of the two remaining appellants, Cox and Strait, was permitted to continue. Jones commenced arbitration proceedings against appellees.

At some point disputes about the appointment of arbitrators and other matters arose between Jones and the American Arbitration Association. In January 1988 appellants filed a motion in the district court seeking a resolution of the arbitration disputes and a stay of arbitration proceedings pending resolution of the arbitration disputes. In the meantime, in November 1987, a magistrate[2] had ordered Cox and Strait to answer certain interrogatories. Cox and Strait sought review of the discovery order in the district court. Following a hearing, on March 2, 1988, the district court denied the motions for review of the discovery order, for resolution of the arbitration disputes, and for a stay of the arbitration proceedings pending resolution of the arbitration disputes. This appeal followed.

These orders are not appealable as final decisions under 28 U.S.C. § 1291 or as orders granting or denying an injunction under 28 U.S.C. § 1292(a)(1). Appellants have not obtained certification from the district court or this court under Fed.R. Civ.P. 54(b) or 28 U.S.C. § 1292(b).

■ The order requiring appellants to answer certain interrogatories is an interlocutory order involving discovery matters. *See, e.g., Hudak v. Curators of University of Missouri,* 586 F.2d 105, 106 (8th Cir. 1978) (per curiam), *cert. denied,* 440 U.S. 985, 99 S.Ct. 1799, 60 L.Ed.2d 247 (1979). The propriety of the discovery order can be raised as an issue on appeal following entry of final judgment.

■ The order denying the motion for resolution of the arbitration disputes is also interlocutory. Appellants cannot obtain judicial review of the arbitrators' decisions

---

1. The Honorable Donald E. O'Brien, Chief Judge, United States District Court for the Northern District of Iowa.

2. The Honorable John A. Jarvey, Magistrate, United States District Court for the Northern District of Iowa.

about the qualifications of the arbitrators or other matters prior to the making of an award. *See Stroh Container Co. v. Delphi Industries, Inc.,* 783 F.2d 743, 748–49 (8th Cir.), *cert. denied,* 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986); *Michaels v. Mariforum Shipping, S.A.,* 624 F.2d 411, 414 (2d Cir.1980).

■ The order denying the motion for a stay of arbitration proceedings pending resolution of the arbitration disputes is not an order denying an injunction appealable under 28 U.S.C. § 1292(a)(1). *E.g., Mellon Bank v. Pritchard–Keang Nam Corp.,* 651 F.2d 1244, 1250 (8th Cir.1981).

■ Accordingly, we dismiss the appeal for lack of jurisdiction.[3] The temporary stay is vacated. Appellees' motion for attorney's fees and costs incurred in opposing the appeal and motion for stay and in filing the motion to dismiss is denied.

BEAM, Circuit Judge, dissenting in part.

This appeal challenges the propriety of two distinct parts of the district court's order dated March 2, 1988. The first involves the district court's denial of plaintiff Jeffery Jones' motion seeking resolution of disputes arising from ongoing arbitration proceedings. I am in full agreement with the majority's disposition of the appeal of this portion of the order, since the motion was inappropriately filed prior to the conclusion of arbitration.

However, I must dissent from the majority's decision to dismiss the appeal of the second portion of the district court's order, addressing the propriety of certain discovery propounded upon the remaining plaintiffs in this action, Ver Dell Cox and Terry Strait. The district court approved an order entered by Magistrate Jarvey requiring plaintiffs to answer certain interrogatories regarding plaintiffs' retention of and consultation with non-testifying expert witnesses. Because I believe this order

requires the plaintiffs to divulge information protected from discovery, I would deny the defendant's motion to dismiss the appeal, and order briefing on the propriety of the issuance of a writ of mandamus in this case.

The district court ordered the plaintiffs to answer the following interrogatory:

17. State whether you, your attorneys or anyone acting on your behalf has retained or consulted any person who is an expert to aid in your investigation or prosecution of the claims asserted, or matters referred to, in your Complaint. If your answer to this interrogatory is "yes", state: (a) the identity of each such expert; (b) the qualifications of each such expert; (c) the areas of expertise of each such expert; (d) the dates on which each such expert was retained; (e) the dates on which each such expert was consulted; (f) whether each such expert has authored any reports, letters, memoranda or any other documents relating to the claims asserted, or matters referred to, in your Complaint, and, if so, identify the same, together with all preliminary drafts thereof; and (g) whether each such expert is presently a testifying or non-testifying expert within the terms of Rule 26 of the Federal Rules of Civil Procedure.

The interrogatory requires plaintiffs to divulge the identity not only of those experts plaintiffs have "retained," but of those with whom plaintiffs have merely "consulted."

The Federal Rules of Civil Procedure create four classes of expert witnesses for purposes of defining the scope of permissible discovery: (1) experts a party expects to use as a witness at trial; (2) experts retained or specially employed in anticipation of litigation but not expected to testify at trial; (3) experts informally consulted in preparation for trial but not retained or specially employed; and (4) experts whose

---

**3.** We do not agree with the suggestion made in the opinion dissenting in part that we should construe the notice of appeal as a petition for writ of mandamus. Neither party has requested that we do so. Even if we were to construe the notice of appeal as a petition for writ of manda-

mus, this case does not present the kind of "exceptional circumstances amounting to a judicial 'usurpation of power' [that] will justify issuance of the writ." *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967) (citation omitted).

information was not acquired in preparation for trial. *See* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2029, at 250 (1970) (hereinafter *Wright & Miller*). Discovery of information with regard to each category of expert witness is governed by Rule 26(b)(4). In this matter, my concern is with the manner in which interrogatory 17 deals with experts in the second and third categories.

First, with regard to those non-testifying experts who are not retained or specially employed by a party, but are merely informally consulted (category three above), Rule 26 does not set forth explicit directives. It does provide, however, that discovery of facts known and opinions held by experts may be obtained only as set forth in the rule. The advisory committee notes to Rule 26 indicate that the rule's silence with regard to experts who are merely consulted by a party, "precludes discovery against [this class of] experts * * *." Courts have consistently held, therefore, that a party may not discover the *identity of,* facts known by, or opinions held by an informally consulted expert. *Wright & Miller*, § 2033 at 257. *See, e.g., Ager v. Jane C. Stormont Hosp. and Training Center for Nurses*, 622 F.2d 496, 501 (10th Cir.1980). Interrogatory 17, in direct violation of Rule 26, specifically requests the identity of those experts "retained *or consulted*" by the plaintiffs. As such, I believe the district court abused its discretion in requiring plaintiffs to respond.

Moreover, interrogatory 17 violates Rule 26 with regard to those experts who are retained, but are not expected to testify at trial (category two above). This category of expert is specifically addressed by the rule:

A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Fed.R.Civ.P. 26(b)(4)(B). While interrogatory 17 does not seek to discover facts known or opinions held by non-testifying retained experts, it does require that plaintiffs reveal the identity, qualifications, and other collateral information about this class of expert. Courts have differed as to whether Rule 26 permits discovery of the identity of non-testifying retained experts without the required showing of exceptional circumstances. *See Wright & Miller*, § 2032 at 255. However, the only circuit court to have considered the issue has held that Rule 26 prohibits such discovery. *Ager*, 622 F.2d at 503. In *Ager,* the Tenth Circuit explained that to permit discovery of the identity of retained non-testifying experts would thwart the purpose of Rule 26, by permitting a party to build his own case through the use of his opponent's financial resources and diligence. *Id.* at 502. Once the identity of such experts is revealed, a party could easily subvert the protective provisions of Rule 26 concerning facts known and opinions held by the experts. *Id.* at 503. I find the rationale employed in *Ager* persuasive, and would hold that the identity, and other collateral information concerning an expert who is retained but not expected to be called as a witness at trial, is not discoverable except upon a showing of exceptional circumstances as set forth in Rule 26. *See Kuster v. Harner,* 109 F.R.D. 372 (D.Minn.1986). Because no such showing has been made in this case, interrogatory 17 again goes beyond what is permitted by the rule.

Further, taking as true the more liberal interpretation of Rule 26, which permits discovery of the identity of retained nontestifying experts, interrogatory 17 is overbroad. All discovery requests, including permitted discovery from expert witnesses, must meet the basic relevance requirement imposed by Rule 26(b)(1). I fail to see how knowledge of the identity of plaintiffs' retained non-testifying experts would be relevant in this matter. Absent a desire to learn the facts known or opinions held by these experts, which is clearly prohibited by Rule 26, defendants would have no legit-

imate use for such information in this case. The identity of plaintiffs' non-testifying experts is without relevance to any issue in dispute between the parties, and would not, therefore, be discoverable even if permitted by Rule 26(b)(4).

Accordingly, I would find that the district court abused its discretion in ordering the plaintiffs to answer interrogatory 17. It is true, as the majority points out, that discovery orders such as this are not normally appealable until after a final judgment has been rendered. However, this circuit has held many times that mandamus may be an appropriate vehicle "to review orders compelling the production of documents or testimony claimed to be privileged or covered by other more general interests in secrecy." *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 953–54 (8th Cir.), *cert. denied*, 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979). *See In re Burlington Northern, Inc.*, 679 F.2d 762, 767 (8th Cir.1982); *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 599 (8th Cir.1977) (en banc). The order involved here, by requiring the plaintiffs to divulge information protected by Rule 26, fits well within the analysis employed in this line of cases. The court may, in appropriate circumstances, construe a notice of appeal as a petition for a writ of mandamus, and I would suggest that such may be the case here. *See Bagley*, 601 F.2d at 953 n. 3. It is true, however, that mandamus is an extreme remedy to be utilized only in unique and extraordinary circumstances, and that the court should be wary of extending mandamus to consider an otherwise unappealable order. Therefore, I would deny appellee's motion to dismiss the appeal on the discovery issue at this time, enter a stay as to discovery proceedings, and order briefs by the parties addressing the propriety of construing plaintiffs' notice of appeal as a petition for a writ of mandamus.