**STATE AUTO INSURANCE COMPANIES, Plaintiff,**

v.

**Russell A. BRILEY and Mary Ellen Briley, Defendants.**

No. 91–1049C(5).

United States District Court, E.D. Missouri, E.D.

Jan. 23, 1992.

Lawrence B. Grebel, Brown & James, St. Louis, Mo., for plaintiff.

Allen H. Surinsky, Clayton, Mo., for defendants.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

Plaintiff has brought this declaratory judgment action against the insured-defendants seeking to declare the rights of the parties under a certain fire policy with respect to a loss claim made by the insured-defendants. Plaintiff refuses to honor the loss claim because it believes that the fire (which destroyed defendants' home) was intentionally set or intentionally caused to be set by the defendants. The defendants have counterclaimed for vexatious refusal to pay their loss claim. The instant matter involves the plaintiff's motion to compel discovery, filed December 2, 1991.

■ In Missouri, the defense of arson by an insurer in a civil action on an insurance policy need only be established by a preponderance of the evidence, and the evidence may be circumstantial rather than direct. *Thomure v. Truck Insurance Exchange*, 781 F.2d 141, 142 (8th C.1986); *Nationwide Mutual Fire Insurance Co. v. Fleming*, 750 F.Supp. 996, 999 (E.D.Mo. 1990). The burden of proof is on the insurer to show that the defendant intentionally set the fire or caused it to be set. A broad range of circumstantial evidence may be presented to the jury or factfinder for consideration. *Thomure*, at 142. However, the insurer must still establish by a preponderance of the evidence four elements in order to establish an arson defense. The elements are: (1) the incendiary nature of the fire; (2) motive on the part of the defendant to set the fire or have it set by someone else; (3) opportunity for the defendant to set the fire or have it set by someone else; and (4) inculpating circumstances which are relatively strong. *Nationwide Mutual Ins. Co.*, at 999.

Contested Production Requests nos. 4, 10, 22 and 26 deal with the defendants' financial status prior to the fire in question. Defendants object to this discovery as too broad in its timeframe, lacking specificity, and requesting business records which the defendants feel are irrelevant to the lawsuit. Plaintiff requests this financial information in order to establish a motive for the alleged arson.

■ Financial difficulty is sufficient to establish a motive for arson. *Nationwide*, at 1000; *Ferguson v. Am. Family Mut. Ins. Co.*, 566 F.Supp. 1090, 1092 (E.D.Mo. 1983). This financial difficulty would include business losses directly involving the insured-defendants. Such evidence is routinely considered by the courts. *See, Fer-*

guson, supra.; *McCreery v. Continental Ins. Co.*, 788 S.W.2d. 307 (Mo.App.1990) (rehearing, transfer denied). However, such evidence must be within a relevant timeframe surrounding the suspected arson so as to strongly suggest a financial motive for the fire. Both parties rely on *McIntosh v. Eagle Fire Co. of New York*, 325 F.2d. 99 (8th Cir.1963) to support their opinions as to what constitutes a relevant timeframe. The Court in *McIntosh* allowed the production of tax records for the three (3) years prior to the alleged arson. *McIntosh*, at 100. This Court agrees that three (3) years prior to the alleged arson is a sufficient timeframe in which to assess the defendants financial status. Since the alleged arson took place on December 31, 1990 the Court will only require business and personal financial records for the years 1988, 1989, and 1990.

■ Furthermore, as to Production Request # 10, the Court agrees that this request is too broad in scope. Although the plaintiff believes that several years of grocery store receipts are relevant, the Court does not share this belief. Tax records and bank records are indicative of the defendants' financial status, supermarket checkout receipts are not.

Contested Production Requests nos. 24, 25 and Interrogatory 5 deal with other claims (besides the instant one) and reports concerning the present loss made by the defendants. The Court agrees that # 25 is extremely broad and vague as to the types of reports and agencies that defendants may have contacted. However, # 24 and Interrogatory 5 are proper, except for the unspecified timeframe. Request # 24 and Interrogatory 5 shall also be limited to the years 1988, 1989, and 1990.

■ Contested Interrogatory 16(b) requests the identity and facts known or opinions held by non-testifying experts the defendants consulted, retained or specifically employed in anticipation of litigation or preparation for trial. Defendants object to this interrogatory as being barred by Rule 26(b)(4)(B). Plaintiff claims that the identity of non-testifying experts is routinely discoverable under Rule 26 and that if exceptional circumstances are shown, the facts known and opinions held by such experts is also discoverable.

This issue has sharply divided the courts. *See, Wright & Miller*, § 2032 (1970 ed. and 1991 Supp.). Plaintiff cites *Baki v. B.F. Diamond Const. Co.*, 71 F.R.D. 179 (D.Md. 1976) in support of its request for the identity of defendants' non-testifying experts. Plaintiff further cites *Sea Colony v. Continental Ins. Co.*, 63 F.R.D. 113 (D.Del.1974) for the proposition that a showing of exceptional circumstances is necessary only to obtain the facts known and opinions held by non-testifying experts; a showing of exceptional circumstances is not required to obtain their identity.

Rule 26(b)(4)(B) provides as follows:

A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the parties seeking discovery to obtain facts or opinions on the same subject by other means.

The Advisory Committee Note to the 1970 Amendment, in addressing Rule 26(b)(4)(B), states in pertinent part:

Under [subdivision (b)(4)(B)], a party may discover facts known or opinions held by such an expert only on a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. Subdivision (b)(4)(B) ... precludes discovery against experts who were informally consulted in preparation for trial, but not retained or specially employed. As an ancillary proceeding a party may on a proper showing require the other party to name experts retained or specially employed but not those informally consulted.

Only two decisions within the Eighth Circuit have addressed Rule 26(b)(4)(B) and

both decisions prohibited the discoverability of non-testifying experts. The Minnesota district court in *Kuster v. Harner*, 109 F.R.D. 372 (D.Minn.1986) blatantly refused to follow the rationale expressed in *Baki* and instead agreed with the reasoning of the Tenth Circuit in *Agar v. Stormont Hospital and Training School for Nurses*, 622 F.2d. 496 (10th Cir.1980). The courts in both *Agar* and *Kuster* thoroughly examined Rule 26, including the Advisory Committee Note, and concluded (contrary to the *Baki* court) that the subdivision (b)(4)(B) restriction on discovery of non-testifying experts constituted a specific limitation upon the general rule of discovery found in subdivision (b)(1). *Agar*, at 502–503; *Kuster*, at 373–375. Both courts further held that discovery of the identity and facts known or opinions held by non-testifying experts could only be compelled upon a showing of exceptional circumstances. *Agar*, at 503; *Kuster*, at 375. The party seeking disclosure, under Rule 26(b)(4)(B), of a non-testifying expert carries a heavy burden in demonstrating the existence of exceptional circumstances. *Kuster*, at 375.

Although the Eighth Circuit Court of Appeals has never directly addressed Rule 26(b)(4)(B), Judge C. Arlen Beam did address this issue in a dissenting opinion. *See, Cox v. Piper, Jaffray, & Hopwood, Inc.*, 848 F.2d. 842 (8th Cir.1988) (J. Beam dissenting in part). He completely supported the analysis and findings of the courts in *Agar* and *Kuster*. This Court also concurs with the analysis and conclusions reached in *Agar* and *Kuster*, as well as the opinion stated by Judge Beam regarding Rule 26(b)(4)(B). Unless the plaintiff can show exceptional circumstances, discovery of defendants' non-testifying experts will be prohibited.

■ Plaintiff believes that exceptional circumstances exist in the present matter because plaintiff did not investigate the fire until the defendants had notified it. Thus, plaintiff reasons that defendants *may* have retained experts immediately after the fire who possess knowledge of the physical evidence at the scene which no longer existed by the time plaintiff arrived to investigate. Defendants assert that this is all sheer speculation with no basis in fact. The Court agrees that plaintiff's proffered "exceptional circumstances" is nothing more than complete conjecture.

Defendants notified plaintiff's agent Greg Horton of the loss the evening of the fire. Defendants state emphatically that they did not retain experts until two weeks after the fire, and as far as they know, none of their retained experts investigated the fire scene before the plaintiff. Plaintiff's speculations regarding disturbance of physical evidence at the scene of the fire does not meet the standard of "heavy burden" in demonstrating exceptional circumstances. Defendants are relieved of answering Interrogatory 16(b).

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to compel discovery be and is GRANTED in part and DENIED in part as follows:

(1) Production Request # 10: Defendants' objections sustained.

(2) Production Requests # 4, # 22 and # 26: Defendants' objections sustained only in so far that documents responsive to these requests shall be produced for the years 1988, 1989, and 1990.

(3) Production Request 24 and Interrogatory 5: Defendants' objections sustained only in so far that documents and answers responsive to this discovery shall be limited to the years 1988, 1989, and 1990.

(4) Production Request # 25: Defendants' objections sustained.

(5) Interrogatory 16(b): Defendants' objections sustained.

IT IS FINALLY ORDERED that defendants shall comply with this order within fifteen (15) days of this order. Destruction of documents in the fire is not an acceptable excuse for non-compliance. Defendants shall diligently procure copies of requested documents, if originals are unavailable, from the necessary sources. If copies are unavailable, defendants shall offer an explanation to the plaintiff and make available what information defendants do pos-

**398**

sess that will comply with the spirit and intent of this order.