Susan K. BROWN f/k/a Susan
K. Smith, Plaintiff,

v.

Lance RINGSTAD and Central
Installation Co.,
Defendants.

No. 4–89–CV–20865.

United States District Court,
S.D. Iowa, C.D.

June 17, 1992.

**462**

Gregory W. Landry of LaMarca & Landry, P.C., West Des Moines, Iowa, appeared on behalf of the plaintiff.

Iris J. Post of Grefe & Sidney, Des Moines, Iowa, appeared on behalf of the defendants.

## ORDER

MARK W. BENNETT, United States Magistrate Judge.

## I. INTRODUCTION.

This matter is before the court pursuant to Defendants' Motion to Quash Notice of Videotape Deposition of Dr. Doro and Brief in Support of Motion to Quash Videotape Deposition of Dr. Doro filed on May 28, 1992. The Plaintiff filed her Resistance to Motion to Quash Notice of Videotape Deposition of Dr. Doro on June 9, 1992.

The issue presented by these motions is whether a party may depose an opposing party's expert medical witness who has conducted a *Federal Rule of Civil Procedure* 35(a) physical examination, but which the opposing party has determined not to call as a witness at trial. The court concludes that such discovery is precluded by *Federal Rule of Civil Procedure* 26(b)(4)(B).

A hearing on these motions was held on June 10, 1992. Gregory W. Landry of LaMarca & Landry, P.C. appeared on behalf of the Plaintiff. Iris J. Post of Grefe & Sidney appeared on behalf of the Defendants.

Pursuant to paragraph 10 of the Supplemental Order on Final Pretrial Conference filed on March 23, 1992, the undersigned granted the Defendants the opportunity to conduct a medical examination of the Plaintiff pursuant to *Federal Rule of Civil Procedure* 35. The following facts are not disputed by the parties. The medical examination of Plaintiff was conducted by Joseph M. Doro, D.O., on April 21, 1992. Subsequently, the Plaintiff received a copy of Dr. Doro's report of the April 21, 1992, examination through a medical examination request to Dr. Adelman, an associate of Dr. Doro's at Neurological Associates of Des Moines, P.C.[1] The Defendants notified Plaintiff's counsel by letter dated May 6, 1992, that they would not be using Dr. Doro as an expert witness by deposition or at trial. On May 14, 1992, the Defendants were served with a Notice of Videotape Deposition of Dr. Doro.

## II. ANALYSIS.

The Defendants have moved to quash the notice of the videotape deposition of Dr. Doro on the grounds that the Plaintiff has failed to make a proper showing pursuant to *Fed.R.Civ.P.* 26(b)(4)(B).

*Rule* 26(b)(4)(B) provides as follows:

A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the parties seeking discovery to obtain facts or

---

1. At the hearing on this matter, the parties indicated that, unbeknownst to counsel for Plaintiff and the Defendant, the Plaintiff had previously seen Dr. Adelman, Dr. Doro's partner. Neither counsel for the Plaintiff nor Defendant knew this fact at the time Dr. Doro was selected to perform the medical examination pursuant to *Fed.R.Civ.P.* 35. Pursuant to the Motion to Amend Final Pretrial Conference Report filed by the Defendants on May 28, 1992, and con-

sented to by the Plaintiff, the Defendants will be taking Dr. Adelman's deposition. For the reasons set forth in this ruling, Plaintiff will not be entitled to inquire of Dr. Adelman anything to do with Dr. Doro's April 21, 1992 examination. Counsel for the Plaintiff candidly conceded at the hearing that Dr. Adelman's treatment of the Plaintiff began and ended before Dr. Doro's *Fed.R.Civ.P.* 35 examination.

opinions on the same subject by other means.

*Rule* 35(a) of the *Federal Rules of Civil Procedure* provides that a court may enter an order requiring a party to submit to a physical or mental examination by a suitably licensed or certified examiner "only on motion for good cause shown and upon notice to the person to be examined...." Subsection (b) of *Rule* 35 requires the party requesting the examination to deliver to the adverse party, if requested, a written report of the examiner setting out the examiner's findings, including results of all tests made, diagnosis and conclusions. There is no contention that plaintiff did not receive these materials.

■ *Rule* 35(b)(3) states that the rule does not "preclude ... deposition of an examiner in accordance with the provisions of any other rule." The court concludes that such a deposition can be taken only when the party which requested the examination intends to use the examiner as a witness at trial,[2] or "upon a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts and opinions on the same subject by other means." *Fed.R.Civ.P.* 26(b)(4)(B).

■ The Plaintiff does not allege such exceptional circumstances exist here. Therefore, if *Rule* 26(b)(4)(B) applies, Plaintiff may not take Dr. Doro's deposition. Moreover, a party seeking disclosure under *Rule* 26(b)(4)(B) carries a heavy burden in demonstrating the existence of exceptional circumstances. *Ager v. Jane C. Stormont*

*Hospital & Training, Etc.*, 622 F.2d 496, 503 (10th Cir.1980); *Hover v. United States Dept. of Interior*, 611 F.2d 1132, 1142 n. 13 (5th Cir.1980).

The interplay between *Federal Rule of Civil Procedure* 35(b) and 26(b)(4)(B) has rarely been addressed by the courts. Indeed, neither party cited a case directly on point regarding the question of whether or not the opposing party may engage in further discovery of the examiner following a *Rule* 35 examination when the party who sought the examination elects not to call the examiner as a witness at trial.[3] Indeed, there are few decisions which discuss the more general question of *Rule* 26(b)(4)(B)'s prohibition on the discoverability of non-testifying experts.

In a recent decision from a district court in our circuit, the court noted that "[o]nly two decisions within the Eighth Circuit have addressed Rule 26(b)(4)(B) and both decisions prohibited the discoverability of non-testifying experts." *State Auto Ins. Companies v. Briley*, 140 F.R.D 394, 396–397 (E.D.Mo.1992).[4] Both of these decisions arise in the context of attempting to discover the identity, (which is not specifically precluded by the express language of *Rule* 26(b)(4)(B)) rather than the facts known or opinions held by retained, non-testifying experts. The first decision is *Kuster v. Harner*, 109 F.R.D. 372 (D.Minn. 1986). In *Kuster*, the court carefully examined *Fed.R.Civ.P.* 26, including the Advisory Committee Note, and concluded that:

subdivision (b)(4)(B)'s restriction on discovery of non-testifying experts consti-

---

2. When the party which requested the examination intends to use the examiner as a witness at trial, *Rule* 26(b)(4)(A)(i) allows for the further discovery of the facts known and opinions held by the *Rule* 35(b) examiner, including the deposition of the examiner if, upon motion, the court orders further discovery. *Fed.R.Civ.P.* 26(b)(4)(A)(ii).

3. The court's own independent research has only revealed one case on point, *Smith v. Oelenschlager*, No. 86–7161, 1987 WL 9780 (E.D.Pa. 1987). In *Smith*, the court held that if a party could call a physician as a witness at trial, then the party could also depose that physician. The court, however, declines to follow the *Smith* decision. That decision makes no mention of

the specific reference in *Rule* 35(b)(3) indicating that depositions taken pursuant to *Rule* 35 are subject to "the provisions of any other rule." *Rule* 26(b)(4)(B) is just such a rule. In addition, the *Smith* decision itself only cites one case in support of its holding, *Fitzpatrick v. Holiday Inns, Inc.*, 507 F.Supp. 979 (E.D.Pa.1981), but that case stands solely for the proposition that a *Rule* 35 examiner may be called as a witness at trial to lay foundation for introduction of the report required, under *Rule* 35(b)(1), to be provided to the opposing party.

4. The court in *Briley* found that "unless the plaintiff can show exceptional circumstances, discovery of defendants' non-testifying experts will be prohibited." *Briley*, 140 F.R.D. at 397.

tutes a specific limitation upon the general rule of discovery found in subdivision (b)(1).

*Kuster,* 109 F.R.D. at 374. Based upon this limitation, the court in *Kuster* held:

> Therefore, the court holds that the "proper showing" required to compel discovery of a non-testifying expert retained or specially employed in anticipation of litigation corresponds to a showing of "exceptional circumstances under which it is impracticable for the parties seeking discovery to obtain facts on the same subject by other means." (citations omitted.)

*Id.* at 375.

The second decision referred to in *Briley* is *Cox v. Piper, Jaffray & Hopwood, Inc.,* 848 F.2d 842 (8th Cir.1988). In *Cox,* Judge C. Arlen Beam addressed this issue in an opinion dissenting in part. *Cox,* 848 F.2d at 844–846 (Beam, J., dissenting in part). The majority did not reach this issue due to its holding that the appeal should be dismissed for a lack of jurisdiction. *Cox,* 848 F.2d at 844. Judge Beam found that the identity, and other collateral information concerning an expert who is retained but not expected to be called as a witness at trial is not discoverable except upon a showing of exceptional circumstances. *Cox,* 848 F.2d at 845. Judge Beam also noted that the facts and opinions held by retained but non-testifying experts are "clearly prohibited by Rule 26...." *Id.* at 845. This holding is consistent with the decision in *Ager v. Jane C. Stormont Hospital & Training, Etc.,* 622 F.2d 496, 503 (10th Cir.1980) (The proper showing required to compel discovery of a retained, non-testifying expert corresponds to the "exceptional circumstances" provision of *Rule* 26(b)(4)(B)). This court agrees with

the rationale articulated by the decisions in *Kuster, Cox* and *Ager.*[5]

However, this analysis does not necessarily resolve the question before the court. *Rule* 26(b)(4)(B) creates an "exception" as provided in Rule 35(b). Thus, as has happened in this case, *Rule* 35(b) provides for the dissemination of the report from the examiner to the opposing party. The Plaintiff, by virtue of the provisions of *Rule* 35(b), already has some information concerning the facts known and opinions held by Dr. Doro. This is the report required by *Rule* 35(b). The question remains should they be allowed further discovery by way of deposition. Courts have pointed out, in dicta, that the taking of a deposition pursuant to *Rule* 35(b)(3) is subject to the limitations found in *Rule* 26(b)(4). *Garner v. Ford Motor Co.,* 61 F.R.D. 22, 24 (D.Alaska 1973); *Alston v. Greater Southeast Community Hosp.,* 107 F.R.D. 35, 38 n. 7 (D.D.C.1985). As a result, the operation of the limitation found in *Rule* 26(b)(4)(B), restricting the ability of a party to engage in discovery of an opponent's non-testifying expert, is equally applicable to a *Rule* 35 examiner. *See e.g., Steele v. Seglie,* No. 84–2200, 1986 WL 30765 (D.Kan.1986) (court noted in dicta that restrictions of *Rule* 26(b)(4)(B) may have barred discovery of *Rule* 35 examiners if party had interposed such an objection).

The court determines that the Plaintiff is not entitled to further discovery of Dr. Doro. The court believes that this holding is consistent with the policy underlying *Rule* 26(b)(4)(B) barring discovery of an opposing party's expert who has been retained but who is not going to testify as a witness at trial, absent exceptional circumstances not present here.

In *Ager,* 622 F.2d at 502, the court recognized that the policy underlying *Rule*

**5.** By adopting the rational of the decisions in *Kuster, Cox* and *Ager,* the court specifically rejects the holding of *Baki v. B.F. Diamond Const. Co.,* 71 F.R.D. 179 (D.Md.1976), which held that a party may discover identifying information of opposing experts who have been retained or specially employed in anticipation of litigation or preparation for trial and who are not expected to be called as witnesses at trial. This court takes a different view of *Rule* 26(b)(4)(B)'s im-

port. *Rule* 26(b)(1) does indeed create a general rule which, absent limitation, would permit discovery of the identity of non-testifying experts on the theory that they are "persons having knowledge of discoverable matter" within the meaning of *Rule* 26(b)(1). However, this court interprets the restriction on discovery of non-testifying experts in *Rule* 26(b)(4)(B) as a specific limitation upon the general rule of discovery found in subdivision (b)(1).

26(b)(4)(B) is based on fairness allowing a party to develop their own case by means of utilizing the opponent's expert. The court held:

> The advisory committee notes indicate that the structure of rule 26 was largely developed around the doctrine of unfairness—designed to prevent a party from building his own case by means of his opponent's financial resources, superior diligence and more aggressive preparation.

*Id.* at 502. This same viewpoint was expressed by the court in *In re Pizza Time Theatre Securities Litigation,* 113 F.R.D. 94, 96 (N.D.Cal.1986):

> As the advisory committee notes accompanying the 1970 amendments make clear, the drafters of that subparagraph wanted it to reinforce each litigant's motivation to aggressively develop his own side of any given case by retaining and relying on his own expert. The flip side of that objective was to discourage lazy or unscrupulous lawyers from trying to cut case-preparation corners by leaching basic information or valuable opinions from experts retained by their opponents.

*Id.* at 96. Based upon the same policy determination, the court concludes it would be unfair to allow the Plaintiff to take the deposition of Dr. Doro where the Defendant has specifically indicated Dr. Doro would not be called as a witness at trial. This is also the conclusion reached by a well-respected commentator. "If the doctor is not to be called at trial, discovery from him, except for his report furnished under Rule 35(b), can be had only upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts and opinions on the same subject by other means." *See* 8 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2237 at 693–694.

A *Rule* 35 examination necessarily reveals the identity of the opposing party's expert. Here, Plaintiff obviously learned the identity of Dr. Doro when she submitted to the *Rule* 35 examination by him.

Thus, unlike in the typical expert witness situation—where examination of the Plaintiff by the opposing party's expert is not required—it would be impossible in the context of a *Rule* 35 examination not to disclose at least some information concerning the expert witness. However, the court does not believe that this disclosure and the disclosure of the report required by *Rule* 35(b) overcomes the plain meaning of *Rule* 26(b)(4)(B) that discovery of an opposing party's expert who has been retained but who is not going to testify as a witness at trial may be conducted only upon a demonstration of exceptional circumstances.

This conclusion treats experts under *Rule* 35 equally with other types of experts. If the expert is designated as a trial witness, the expert may be deposed by the opposing party. *See Fed.R.Civ.P.* 26(b)(4)(A)(i) and (ii). If the expert is retained or specially employed in anticipation of litigation or preparation for trial and is not expected to be called as a witness at trial, facts known or opinions held may be discovered only as provided in *Rule* 35(b) or upon a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means. *Fed.R.Civ.P.* 26(b)(4)(B).

Defendants do not intend to call Dr. Doro at trial. Therefore, for the reasons discussed above, Plaintiff may depose Dr. Doro—because he is a retained expert and is not expected to be called as a witness at trial—only "upon a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means." Plaintiff has alleged no such exceptional circumstances. She is not entitled to take the deposition of Dr. Doro.

IT IS SO ORDERED.