966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Michael A. MINOR-EL, Appellant,
v.
ST. LOUIS COUNTY; James Pace; Herbert Bernsen, Appellees.
 No. 91-3118.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1992.
Filed: June 26, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael A. Minor-El appeals from a final judgment[1] entered upon a jury verdict in favor of St. Louis County, Missouri, James Pace, a correctional officer at a county jail, and Herbert Bernsen, the superintendent of the jail. In a section 1983 action, Minor-El alleged that while he was an inmate at the jail, Pace had violated his eighth amendment rights by assaulting him. We affirm.
 
 
 2
 Minor-El first argues that the district court erred in finding that appellees' peremptory strike of Michelle Coats, a black venire person, did not violate Batson v. Kentucky, 476 U.S. 79 (1986).[2] Although it may be doubted that Minor-El had established a prima facie case under Batson, we agree with the district court that appellees' counsel offered race-neutral reasons for striking Coats. Counsel explained he struck Coats because her job as a tenant counselor might have made her more sympathetic to an inmate's complaints. Counsel also explained that he struck Coats because she had not responded to an inquiry as to whether any venire person was a counselor. See United States v. Miller, 939 F.2d 605, 609 (8th Cir. 1991).
 
 
 3
 Minor-El also argues that counsel's references to Pace's family circumstances during direct examination and closing argument were error. In response to counsel's questions, Pace stated that he was married and had three children. During closing argument counsel reminded the jurors that Pace was a "family man." Although perhaps it might have been better had counsel avoided the references to Pace's family circumstances, we need not decide this issue. Minor-El concedes that counsel failed to object to the questions or to the argument, and that this court may only review for plain error. Assuming some degree of error, we do not find the brief references in the context of the four-day trial were "so prejudicial as to cause a miscarriage of justice." Thomure v. Truck Ins. Exch., 781 F.2d 141, 143 (8th Cir. 1986).
 
 
 4
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States Magistrate Judge for the Eastern District of Missouri, presided with the consent of the parties under 28 U.S.C. § 636(c)
 
 
 [2]
 In Edmonson v. Leesville Concrete Co., 111 S. Ct. 2077 (1991), the Supreme Court extended Batson's prohibition against excluding jurors on the basis of race to civil trials