Jeana DOVEL, Plaintiff,

v.

WALKER MANUFACTURING,
et al., Defendants.

No. 4:CV95–3172.

United States District Court,
D. Nebraska.

Oct. 18, 1996.

Kathleen M. Neary, Neary Law Office, Lincoln, NE, for Plaintiff.

Margaret E. Stine, William A. Harding, Harding, Shultz Law Firm, Lincoln, NE, for Defendants.

## ORDER

PIESTER, United States Magistrate Judge.

Before me is the objection asserted by defendants in the pretrial order to the plaintiff's use of George C. Wolcott, M.D. as an expert witness. (*See,* Filing 67, Par. E., F.) At the time of the conference I took the matter under advisement in order to study authority on the issue.

Dr. Wolcott was a treating physician of the plaintiff in earlier years, but had not seen her recently. By agreement of the parties he was asked by the defendants to perform an independent examination of plaintiff pursuant to *F.R.Civ.P.* 35. After the examination was completed, defendants provided a copy of his report to plaintiff's counsel at their request. Dr. Wolcott's deposition was taken by videotape. Thereafter, defendants chose not to call Dr. Wolcott as a testifying expert. Plaintiff, however, listed him as both a fact witness, concerning his prior treatment of plaintiff, and as an expert witness, for testimony concerning her present condition.

Defendants object, claiming that under the auspices of the Federal Rules, it would be unfair for the plaintiff to benefit from the defendants' preparation for trial. Defendant's rely upon the opinion of *Brown v. Ringstad,* 142 F.R.D. 461 (S.D.Iowa, 1992). In that case former Magistrate Judge, now

District Judge, Mark W. Bennett entered an order preventing the plaintiff from taking the deposition of a defendant's nontestifying expert following the expert's Rule 35 examination of the plaintiff. Judge Bennett concluded that Rule 26(b)(4)(B) precluded the taking of the deposition without a showing of "exceptional circumstances," and that such circumstances had not been established. *Id.* After a thorough review of relevant cases, Judge Bennett agreed with those adopting a policy against such discovery, on the basis that each litigant should be expected to prepare its own case and courts should "discourage lazy or unscrupulous lawyers from trying to cut case-preparation corners by leaching basic information or valuable opinions from experts retained by their opponents." *Id.*, at 465, *quoting In re Pizza Time Theatre Securities Litigation,* 113 F.R.D. 94, 96 (N.D.Cal. 1986). *Ringstad* has been cited approvingly by other courts addressing similar problems. *See, e.g., Reeves v. Boyd & Sons,* 654 N.E.2d 864 (Ind.App.1995).

Other courts have not followed that rationale, holding instead that once an independent examination of the plaintiff has been conducted, the plaintiff is not only entitled to a copy of the report, but also may use the report during the trial and may have the examining physician testify regarding it. *See, e.g., Fitzpatrick v. Holiday Inns, Inc.,* 507 F.Supp. 979 (E.D.Pa.1981); *Pinkett v. Brittingham,* 567 A.2d 858 (Del.1989); *Luster v. Brown,* 182 W.Va. 122, 386 S.E.2d 489 (W.Va.1989); *Cogdell v. Brown,* 220 N.J.Super. 330, 531 A.2d 1379 (N.J.Super.1987). These cases take the view that the court has discretion to allow plaintiff the examining physician's testimony at trial, at least insofar as introducing the report is concerned.

In this case the circumstances do not concern the taking of a deposition, but rather the presentation during the trial of evidence that has already been prepared. There is no secret about the opinions Dr. Wolcott expressed in his report. It is not, therefore, a matter of the plaintiff "leaching" case preparation information from her adversary. Even if it did, though, it seems to me that that "evil" is less serious that the "evil" of allowing the jury to decide a case based on less than all the evidence.

In addition, this case has the added circumstance that Dr. Wolcott will testify at the trial—and was identified early in the case as a testifying witness for plaintiff—concerning, at least, his treatment of the plaintiff during her childhood and teen years. The controversy concerns only the additional testimony about his Rule 35 examination of her and his opinions derived therefrom. It would not impose on the defendants to allow Dr. Wolcott to provide the entire body of information and opinions that he possesses, and defendant has not claimed that permitting this additional testimony would violate any privilege or any proprietary interest it may have in Dr. Wolcott's presentation.

While I greatly respect the views of Judge Bennett, I must respectfully disagree with the application of the *Ringstad* theory to this case. I think the better course is for the jury to have before it all the evidence.

IT THEREFORE HEREBY IS ORDERED, the defendants' objection to the plaintiff's use of Dr. Wolcott as an expert witness, is overruled.