**Michael MANNING, Appellee,**

v.

**LUNDA CONSTRUCTION COMPANY, Appellant.**

**No. 91–1892MN.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1991.

Decided Jan. 10, 1992.

Timothy Randall Murphy, St. Paul, Minn., argued, for appellant.

Todd Platt Young, St. Paul, Minn., argued, for appellee.

Before FAGG, Circuit Judge, TIMBERS,* Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Lunda Construction Company (Lunda) appeals from an adverse jury verdict in favor of Michael Manning. We affirm.

This is an ordinary tort case. As an employee of St. Paul Fire and Marine Insurance Company (SPFMIC), Manning was responsible for periodically inspecting Lunda's construction sites for hazards and risk assessment. Manning fell from a ladder and dislocated his shoulder during a routine inspection of a Lunda construction project. After receiving workers' compensation from SPFMIC, Manning brought

---

* The Honorable William H. Timbers, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

this diversity action against Lunda contending Lunda's negligence proximately caused his injury. A jury found Lunda 51% liable and Manning 49% liable. The district court applied Minnesota law and reduced the jury's $135,000 damage award to reflect Lunda's proportionate liability.

Lunda raises three issues on appeal, which we address in turn. First, Lunda contends that because Manning received workers' compensation benefits from SPFMIC, Manning is precluded under Minnesota's election of remedies doctrine from maintaining this separate tort action against Lunda. *See* Minn.Stat. § 176.061 (1990). The district court declined to dismiss Manning's claim, holding the election of remedies doctrine does not apply in the circumstances of this case. Our de novo review of this Minnesota state law question leads us to the same conclusion.

We believe *Mervin v. Magney Const. Co.*, 399 N.W.2d 579 (Minn.Ct.App.), *aff'd*, 416 N.W.2d 121 (Minn.1987), controls the outcome in this case. In *Mervin*, a construction representative for the Army Corps of Engineers was injured when he fell off a ladder while inspecting a construction project. After receiving federal workers' compensation benefits, the representative brought a tort claim against the construction company. The Minnesota Court of Appeals held the election of remedies doctrine did not bar the representative from bringing a tort claim against the construction company, even though he had received federal workers' compensation benefits. *Id.* at 583 (citing *Crawford v. Woodrich Const. Co.*, 57 N.W.2d 648, 653–54 (Minn.1953) (holding quality inspector receiving workers' compensation not barred from pursuing tort claim for injury received at construction site)). Although Lunda attempts to distinguish *Mervin* from this case, we find Lunda's arguments unpersuasive and conclude the district court properly refused to dismiss Manning's claim against Lunda.

Lunda next contends the district court committed error in refusing to give Lunda's "duty of care" jury instruction, or alternatively, two Minnesota pattern jury instructions on the respective duties of possessors of land and entrants on land. The district court instead gave a general jury instruction defining negligence. The court also instructed the jury that it could find either Lunda or Manning negligent, both Lunda and Manning negligent, or neither Lunda nor Manning negligent in causing Manning's injury. Lunda contends that by instructing the jury in this manner, the district court deprived Lunda of its main defense theory—that given his training and experience, Manning's negligence outweighed Lunda's negligence and was the proximate cause of Manning's injury. We disagree.

A federal district court presiding over a diversity case is not bound to give the jury instructions requested by the litigants, nor is the court constrained to follow the language contained in a state's uniform jury instructions. *See H.H. Robertson Co. v. V.S. DiCarlo Gen. Contractors, Inc.*, 950 F.2d 572, 576 (8th Cir.1991). "The trial court has broad discretion to instruct the jury in the form and language it considers a fair and adequate presentation of [state] law." *Grogan v. Garner*, 806 F.2d 829, 836 (8th Cir.1986). Thus, "jury instructions are sufficient if they state the governing law fairly when read as a whole." *Bolin v. Black*, 875 F.2d 1343, 1348 (8th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 542, 107 L.Ed.2d 539 (1989). Having reviewed the record, we conclude the district court's general jury instructions adequately stated Minnesota law and did not preclude the jury from considering Lunda's theory of the case or deprive Lunda of a fair trial.

Finally, Lunda contends certain comments Manning's attorney made during closing arguments were "improper, prejudicial and resulted in an excessive and improper award by the jury sufficient to constitute reversible error and entitle Lunda to a new trial on all issues." Appellant's Brief at 47. Lunda failed to object to the comments, however, and "[w]hen statements in a closing argument are not objected to at trial, we may only review them on a plain error standard." *Thomure v. Truck Ins. Exch.*, 781 F.2d 141, 143 (8th Cir.1986). Without an objection on the record, "[w]e may reverse only in extraor-

1093

dinary situations, [when] the error is so prejudicial as to cause a miscarriage of justice." *Id.* This is not a case that requires reversal under this standard of review.

■ During closing arguments Manning's counsel urged the jury to base its calculation of damages according to a unit-of-time or per diem formula. Although this court has "condemn[ed] [jury] instructions requiring per diem mathematical calculations," we have not disapproved per diem closing arguments provided the "arguments are carefully controlled by the district court." *Vanskike v. ACF Indus.,* 665 F.2d 188, 211 (8th Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982). Because Lunda did not object during Manning's closing argument, Lunda cannot now complain the district court failed to adequately control the per diem argument, or properly caution the jury about calculating damages on a per diem basis.

■ We likewise reject Lunda's contention that Manning's counsel improperly commented during closing arguments on the legal effect of the jury finding both Lunda and Manning negligent. Again, Lunda did not object to these comments and our review of the record reveals no plain error requiring reversal.

Accordingly, we affirm.