United States Court of Appeals,

Eleventh Circuit.

No. 95-8081.

The SHELBY INSURANCE COMPANY, Petitioner,

v.

Griffin STOCKS, III and Stocks Properties, Inc., Respondents.

May 13, 1996.

Appeal from the United States District Court for the Middle District of Georgia. (No. CA-92-129-ALB-AMER), J. Robert Elliott, Judge.

Before KRAVITCH and CARNES, Circuit Judges, and HILL, Senior Circuit Judge.

HILL, Senior Circuit Judge:

This is an interlocutory appeal from an order granting appellees a new trial on damages only. For the following reasons, we reverse.

## I. BACKGROUND

The Shelby Insurance Company (Shelby) brought a declaratory judgment action to determine its liability to Griffin Stocks, III and Stocks Properties, Inc. (Stocks) for their claims under a fire insurance policy. Stocks' claims, all growing out of the destruction of a house and its contents by fire, were for separate and distinct items, *e.g.,* the destruction of the house, the destruction of the contents, additional living expenses, penalties and attorneys' fees. Shelby asserted that it was not liable to Stocks because Stocks had committed arson, and made material misrepresentations on the insurance application. Shelby also asserted that Griffin Stocks III had no insurable interest in either the dwelling or the contents. Stocks filed a counter-claim

for the insurance proceeds, prejudgment interest, bad faith penalties and attorneys' fees.

After trial, the jury retired for its deliberations with a verdict form which contained separate blanks for the amount of recovery to be awarded for the dwelling, contents, additional living expenses, penalties, and attorneys' fees. There was also a place for the jury to check if prejudgment interest was due on any judgment they might award. The jury returned a verdict for Stocks, but awarded damages for only the dwelling, putting a zero in all other blanks and indicating that no interest should be awarded.

Stocks filed a Motion for a New Trial or a New Trial Limited to Damages Only. The district court granted the motion as to a new trial on damages only, set aside the jury's verdict and vacated the judgment. The district court then permitted Shelby to file a petition for permission to appeal that order pursuant to 28 U.S.C. § 1292(b), and we granted the appeal.

## II. ANALYSIS

The district judge elected to submit this case to the jury on a verdict form prepared by Stocks and agreed to by both parties. Each of Stocks' claims was listed separately. The jury returned with a recovery for the destruction of the house, but without any recovery for any other item. Stocks contends that this verdict is internally inconsistent, because a finding that the insured was entitled to recover for the dwelling must, of necessity, have rested on a rejection of Shelby's defenses to coverage based upon arson, material misrepresentations on the application, and no insurable interest. Stocks urges, therefore, that some recovery

for the other items was demanded.  This may or may not be the case. We need not reach this issue, however.

After the close of the evidence, the district judge read the following instruction to the jury:

> If you find in favor of the insureds under the policy, you would you (sic) this form.  And it reads as follows:  We the jury find in favor of the defendants, that's the insured under the policy, in the amount of and here I've written building and I've put a blank out there with a dollar mark in front of the blank.  I next put contents.  I've put a blank and put a dollar mark.  Then I've put additional living expenses, and I've put a blank and a dollars mark.  Then, I've put a line there for a total of those three things.  *Of course, you may find for them on one item and not on another.*  You might find for them on all three.  You may find for them on just one or none.  I'm just trying to make it easier for you to return a verdict.  The reason we want a total there is because I want to make some insurance against a mistake being made in the figures.  All right.  (emphasis supplied)
>
> *    *    *    *    *    *
>
> Now, I want to make it clear to you that just because you have awarded amounts up here doesn't mean that you've got to award interest.  That is where the yes or no comes in.  It doesn't mean that you've got to award a penalty, you may.  You haven't got to.  It can be any amount up to 25 percent of this total penalty.  And just because I've got attorneys' fees down here doesn't mean that you have got to award attorneys' fees.  You may, but you don't have to.

After the jury was charged, the district judge told them:

> Now, we have in this Court what we think is a good practice, and that is after I have given you the law in charge, we give the lawyers on each side an opportunity to make any criticism that they may wish to make of my charge to you.  And we let them do that outside of your hearing and before you begin the deliberation on the verdict.  So in just a moment, the marshal will take you on up to the jury room.  I'll hear from the lawyers.  After I hear from them if I decide anything further is necessary, I'll bring you back down for further instructions.... [Y]ou go with him now and we will see what happens.

After the jury departed, the district judge inquired of both counsel whether they had any exceptions to note with respect to these instructions.  Stocks made no objection to the instruction

that the jury "might find for [Stocks] on one item and not on another.... You may find for them on *just one* or none" (emphasis supplied). Rightly or wrongly, the district judge told the jurors, without objection from Stocks, that they could render what might otherwise be inconsistent verdicts. Neither of the courts' counselors suggested to the judge that there was any error in this.

It is too late now for Stocks to complain that the jury should not have been permitted to render such a verdict. *Mosher v. Speedstar Division of AMCA Int'l., Inc.,* 979 F.2d 823, 825 n. 5 (11th Cir.1992). Fed.R.Civ.P. 51 provides:

> No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.

After preparing the verdict form which provided for separate recoveries on each element of Stocks' claim, and having failed to object to the district court's instruction which specifically permitted the verdict the jury ultimately returned, Stocks cannot now complain of that result.

No other issue appearing worthy of discussion, the order of the district court granting a new trial as to damages is reversed, the verdict of the jury and the judgment based thereon are reinstated.

REVERSED