BARKETT, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority’s assessment that rational jurors could have believed Christopher’s version of the events and found Tierney liable by a preponderance of the evidence, and thus I concur in the reversal of the district court’s order granting judgment as a matter of law to Tier-ney. I also concur with the court’s assessment that the jury award was excessive.
However, I dissent from the affirmation of the district court’s order granting a new trial to both defendants as to liability. It is only the very rare case when the statements of an attorney during a trial will be so prejudicial “as to impair gravely the calm and dispassionate consideration of the ease by the jury.” Vineyard v. County of Murray, Ga., 990 F.2d 1207, 1213 (11th Cir.), cert. denied, 510 U.S. 1024, 114 S.Ct. 636, 126 L.Ed.2d 594 (1993). I do not believe this to be such a case. Furthermore, Rule 61 provides that no error in anything done or omitted by the court during trial is ground for granting a new trial or for setting aside a verdict unless it affects the substantial rights of the parties. Toward that end, we have stated that “to safeguard the constitutional right to a jury trial, the grant of a new trial which sets aside a jury verdict must undergo careful appellate scrutiny.” Narcisse v. Illinois Cent. Gulf R. Co., 620 F.2d 544, 546 (5th Cir.1980).[1] “Careful appellate scrutiny” warrants reversal in this case.
First, I disagree that a new trial was warranted based on the remark of plaintiffs counsel that “[t]his is not a case about a singular blow to the head.” The Appellants concede that they did not object to this argument during trial. We have repeatedly held on occasions too numerous to cite that a timely objection is necessary to bring to the district court’s attention errors in counsel’s closing argument. See, e.g., Woods v. Burlington Northern R.R. Co., 768 F.2d 1287, 1292 (11th Cir.1985), rev’d on other grounds, 480 U.S. 1, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987). This is consistent with the precedent of our sister circuits. See, e.g., Brown v. Cox, 286 F.3d 1040, 1046 (8th Cir.2002) (affirming grant of remittur and denial of new trial where the defendant failed to object to the challenged comments made by the plaintiffs lawyer in closing); Hemmings v. Tidyman’s, Inc., 285 F.3d 1174, 1193 (9th Cir.2002) (“The federal courts erect a ‘high threshold’ to claims of improper closing arguments in civil cases raised for the first time after trial.”).[2] The rationale for the *1370 rule requiring preservation is that allowing a party to wait to raise the error until after the negative verdict encourages that party to sit silent in the face of claimed error, a policy we have admonished. See id.
In evaluating the likelihood of prejudice from counsel’s comments during closing argument, the district court, and this court on appeal, are to consider “the totality of circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself.” Puerto Rico Aqueduct & Sewer Auth. v. Constructora Lluch, Inc., 169 F.3d 68, 82 (1st Cir.1999); see also Cooper v. Firestone Tire & Rubber Co., 945 F.2d 1103, 1107 (9th Cir.1991) (declining to find reversible error where “the alleged misconduct occurred only in the argument phase of the trial ... the remarks were isolated rather than persistent, ... most of counsel’s comments were not objected to at trial and appellants did not move for a mistrial at the end of the argument”). The district court did not, and the majority here does not, measure the statements of Christopher’s counsel against this standard.[3] The majority does not describe how “the interest of substantial justice is at stake,” McWhorter v. City of Birmingham, 906 F.2d 674, 677 (11th Cir.1990) (internal quotation marks omitted), nor how the very few words at issue here caused prejudice to Tierney and Hernandez.
This case is unlike McWhorter, the only case cited in support of the majority decision. In McWhorter, plaintiffs counsel argued an entirely new theory of the case throughout rebuttal argument which had been expressly excluded by the court in a pretrial order. Id. More importantly, several times throughout closing, counsel referenced an exhibit which had been excluded, and which the jury subsequently called for during deliberations, only to be told it was not in evidence. In McWhorter, then, it was clear that the jury actually considered and deliberated upon counsel’s improper comments during closing. In contrast, Christopher’s trial counsel made a single stray remark during closing arguments, which was not clearly barred by the pretrial order[4] and to which the defen *1371 dants elected not to object at the time. There is nothing in the record here suggesting that the jury considered the remark “[t]his is not a case about a singular blow to the head” at all in its deliberations. Indeed, the majority concedes that there was sufficient evidence presented that a rational jury could conclude that Tierney struck Christopher on the head. Majority Op. at 1364. It was therefore an abuse of discretion for the district court to order a new trial.
In fact, we have held that the admission of far more egregious statements than the one at issue here did not warrant a new trial. See, e.g., Brough, 297 F.3d at 1179-80 (holding no plain error where plaintiffs counsel made numerous “improper” remarks during closing argument which “were prejudicial and should have been excluded” regarding defendant’s enormous income relative to plaintiff because they did not seriously affect the fairness of the proceeding); Vineyard, 990 F.2d at 1213-14 (finding no plain error where plaintiffs counsel’s “egregiously improper arguments to the jury” asked jury to “send a message” to the sheriff regarding excessive force); Oxford Furniture, 984 F.2d at 1128-29 (finding no plain error where counsel’s closing argument included statements for which there was no supporting evidence, outright misstatements of the evidence, expressions of counsel’s personal opinions, comments on counsel’s own involvement with Oxford and Oxford’s witnesses, appeals to local prejudice against out-of-state corporations, and improper references to loss of jobs and taxes). As we noted in Oxford Furniture, if the remarks had been prejudicial, defense counsel likely would have objected at the time, which in both this case and in Oxford Furniture, the defendants did not do. 984 F.2d at 1129 (finding no prejudice where defense counsel “while now claiming severe prejudice because of the argument, made no attempt to object to the arguments when they were made”); see also F.D.I.C. v. Stahl, 89 F.3d 1510, 1519-20 (11th Cir.1996) (finding no substantial prejudice based in part on defendants’ failure to object at the time).
Furthermore, we are obligated to review counsel’s remarks in the context of the entire trial, including the jury instructions and any corrective measures applied by the trial court. See Vineyard, 990 F.2d at 1213 (analyzing whether, in light of “the entire argument, the context of the remarks, the objection raised, and the curative instruction,” the statement at issue was “such as to impair gravely the calm and dispassionate consideration of the case by the jury” (internal quotation marks omitted)). The district court in this case expressly instructed the jury at the close of evidence that they were to consider Christopher’s claim “that one of the defendants struck him on the head.” The court instructed the jury that “[t]he mere fact that the evidence in this case may show that there was some contact between the plaintiff and the defendants would not be sufficient by itself to prove that the defendants violated the plaintiffs constitutional rights.” The majority opinion suggests that “no specifically curative instruction was given to the jury to disregard Plaintiffs improper argument,” Maj. Op. at *1372 1367 n. 8 — of course, this was the case precisely because the Defendants never objected to Plaintiffs comments during closing argument and because the district court failed to observe any problem with those comments during the course of the trial. Nevertheless, the district court’s jury instructions properly stated the scope of the Plaintiffs claims and were thus sufficiently curative to prevent any minor prejudice which might have resulted from the single remark of counsel over the course of a five-day trial.
I also disagree that counsel’s other remarks, which-“buttress” the court’s opinion, see Majority Op. at 1367, were substantially prejudicial to Tierney and Hernandez. With respect to the asserted “series of statements that arguably implied to the jury that the State of Florida was underwriting the costs of the defense,” Majority Op. at 1367, having searched the record, I disagree that the record can be so construed. It is clear from the record that the jury was never told that the Attorney General had paid for the expert’s testimony. Indeed, the only counsel who tied the Attorney General to the payment of the expert witness was the defense.[5] Such a self-inflicted error cannot be the basis for the award of a new trial. “It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.” Birmingham Steel Corp. v. Tenn. Valley Auth., 353 F.3d 1331, 1341 n. 5 (11th Cir.2003) (quoting Ford ex rel. Estate of Ford v. Garcia, 289 F.3d 1283, 1293-94 (11th Cir.2002)); see also United States v. Lewis, 524 F.2d 991, 992 (5th Cir.1975), cert. denied, 425 U.S. 938, 96 S.Ct. 1673, 48 L.Ed.2d 180 (1976) (“A defendant cannot complain on appeal of alleged errors invited or induced by himself, particularly where, as here, it is not clear that the defendant was prejudiced thereby.”).
Nor were the defendants prejudiced by two phrases spoken by Christopher’s counsel during closing argument referencing “police brutality” and “differences of people.” No fair reading of the record suggests these remarks were improper, much less prejudicial.[6] The district court twice *1373 denied contemporaneous objections to the statements as improper, and three weeks after trial found that these remarks might have improperly implied a motive of racial prejudice for the alleged policy brutality. Having reviewed the record, I can find not a single mention of racial prejudice anywhere in the record, including throughout closing argument. The district court’s finding, months after trial, that these comments were racially charged has no basis in the record. Rather, I believe we should defer to the district court’s assessment of the comments at the time and in the context in which they were made, which was that the comments were proper and that Defendant’s objections to them should be overruled. Accordingly, I believe that the district court abused its discretion in ordering a new trial for Hernandez on the basis of isolated remarks which were only arguably improper and were certainly not so prejudicial “as to impair gravely the calm and dispassionate consideration of the case by the jury.” Vineyard, 990 F.2d at 1213.
The final basis the court suggests for awarding a new trial is the excessive verdict awarded by the jury, which Christopher concedes exceeded the proof at trial. Where the jury renders a proper ruling as to liability, the appropriate remedy is to remand the case to the district court for either remittitur, see Goldstein v. Manhattan Indus., Inc., 758 F.2d 1435, 1448 (11th Cir.1985), or for a new trial exclusively as to the amount of damages, see Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1018 (11th Cir.2004) (reversing excessive jury award and remanding for new trial solely as to damages); Overseas Private Inv. Corp. v. Metro. Dade County, 47 F.3d 1111, 1116 (11th Cir.1995) (“Because the liability issues were properly and clearly decided by the jury, the remedy in this instance is to remand the case to the district court for a new trial on the amount of damages only.”); see also Federal Rule of Civil Procedure 59(a) (providing that a new trial may be granted “on all or part of the issues”). These rules are in keeping with the principle that “ ‘courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.’ ” Narcisse, 620 F.2d at 548 (quoting Tennant v. Peoria & Pekin Union Railway Co., 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520 (1944)).
Christopher does not dispute that the verdict was excessive; however, he argues that the proper remedy was a simple re-mittitur, rather than the grant of an entire new trial. This is in accordance with the relief sought below by the Appellants, who contested a portion of the jury’s award, but did not argue that it warranted a new trial. In fact, nowhere in their Renewed Motion for Judgement as a Matter of Law or for New Trial (DE 349) did the Appellants argue that the excessive jury verdict justified a new trial as to liability. The jury verdict is not mentioned at all in the motion for a new trial. Appellants filed separately a Motion for Remittitur or New Trial on Damages (DE 350), which also did not request a new trial as to liability due to excessive verdict, but rather stated that the “Defendants are entitled to a remitti-tur or to a new trial as to the jury’s award of $225,000.00 for past medical and custodial care costs and $2,500,000.00 for future medical and custodial care costs”
*1374 The majority suggests that the Appellants sought a new trial “on all issues” within the district court. It is true that Appellants sought a new trial on all issues, but they simply did not argue the legal theory presented on appeal, and on which the majority bases its opinion — i.e., that the excessive verdict is what justified a new trial “on all issues.” The defendants waived any argument that Hernandez or Tierney is entitled to a new trial on the basis of an excessive verdict. See Stavropoulos v. Firestone, 361 F.3d 610, 616 n. 6 (11th Cir.2004), cert. denied, 544 U.S. 976, 125 S.Ct. 1850, 161 L.Ed.2d 727 (2005). It has been the law of this Circiút that parties may not seek a new trial on appeal for reasons not asserted before the district court. Twiss v. Kury, 25 F.3d 1551, 1556 (11th Cir.1994) (“[W]e generally will not consider a legal theory that was not presented to the district court ... [unless] the issue involves a pure question of law and if the refusal to consider it would result in a miscarriage of justice.”). The majority states no basis for its departure from this well-ensconced principle of law in evaluating the Appellants’ argument, which does not involve a pure question of law but rather the application of law to facts.
Because the jury correctly assessed liability in the case but inaccurately assessed damages, I believe that the appropriate solution under these circumstances is to remand to the district court, leaving it the district court’s discretion to determine whether remittitur or a new trial as to damages is the more appropriate course of action. See, e.g., Goldstein, 758 F.2d at 1448 (“In general, a remittitur order reducing a jury’s award to the outer limit of the proof is the appropriate remedy where the jury’s damage award exceeds the amount established by the evidence.”); Parker, 386 F.3d at 1018 (holding that where error in assessing damages “resulted in a miscarriage of justice and seriously affected the fairness of the judicial proceedings,” the proper remedy was to remand for a new trial on damages only).
In conclusion, none of the statements by Christopher’s trial counsel were substantially prejudicial to the Defendants, and I believe that to hold otherwise is inconsistent with the stringent nature of our review in these circumstances. Accordingly, I would reverse the district court’s order granting JMOL to Tierney, reverse the district court’s order granting a new trial to Hernandez, and remand for the district court to either issue a remittitur or hold a new trial solely to assess damages. For these reasons, I respectfully dissent from the court’s opinion affirming the grant of a new trial to both defendants and concur with the reversal of the court’s order granting JMOL to Tierney.

. Decisions by the former Fifth Circuit issued before October 1, 1981 are binding as precedent in this Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981).

. Our sister circuits are in agreement that only very rarely should a new trial be granted based on improper, but unobjected to, comments during closing argument. See, e.g., Smith v. Kmart Corp., 177 F.3d 19, 26-28 (1st Cir.1999) (stating that ''[p]lain error is a 'rare species in civil litigation,' encompassing only those errors that reach the 'pinnacle of fault’ ” and finding that plaintiffs’ counsel’s improper, but unobjected-to, closing argument did not warrant reversal for a new trial (citation omitted)); Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 51 (2d Cir.1998) (finding no plain error where plaintiff’s counsel made inflammatory remarks during closing argument implying that plaintiff had been fired due to anti-homosexual prejudice); Strickland v. Owens Coming, 142 F.3d 353, 358-59 (6th Cir.1998) (finding no plain error where plaintiff’s counsel made inflammatory remarks during closing argument meant to *1370 foster anti-corporate bias and wrongfully implied that the jury could award punitive damages); Manning v. Lunda Constr. Co., 953 F.2d 1090, 1092-93 (8th Cir.1992) (finding no plain error where plaintiff's counsel wrongfully suggested to jury during closing arguments that they should use a method of calculating damages which had been rejected).

. I acknowledge that we do not review a district court's order granting a new trial for plain error, see Maj. Op. at 1366 n. 4. I am not suggesting that we review the district court’s order for plain error. To the contrary, I dissent because I believe the Majority to be radically broadening the district court's power to grant a new trial based on essentially any rationale, including those not raised by the parties, and without any evidence tying the comments of counsel to actual prejudice. This holding is inconsistent with the Federal Rules of Civil Procedure and with our Circuit's precedent, in reviewing a district court's order granting a new trial based on arguments not raised during trial. See, e.g., Shelby Ins. Co. v. Stocks, 82 F.3d 1030 (11th Cir.1996).

. Counsel’s remarks at closing plainly did not violate the district court’s qualified immunity order. Examined in context, counsel's statement "they are ... making it seem that we have to prove a specific blow to a specific area of the body and that is not true,” simply explained what was essentially Christopher's res ipsa loquitur theory of the case — that is, Christopher’s argument that he did not need to demonstrate that a specific officer hit him in a specific spot on the back of the head so long as he could demonstrate that but for a *1371 blow to the head which necessarily came from the police officers in the room, he would not have suffered his injuries. The closing argument did not comment on the conduct for which the officers received immunity — namely, their use of excessive force in rolling him off the bed onto the floor, hurting him while handcuffing him, and dragging him from the bedroom to the living room. Because the closing argument fully complied with the district court's qualified immunity order, it was an abuse of discretion to grant a new trial on the basis of a single sentence spoken by counsel and removed from its context.

. During the cross-examination of the defendants' expert causation witness, Christopher’s counsel asked the expert a series of questions regarding who paid for his services — certainly a legitimate line of inquiry. Defendants objected, and the court sustained the objection on the basis that it was already established on direct examination that Defendants’ counsel had paid the expert. Christopher’s counsel then moved on to ask the expert about correspondence he had received from the Office of the Attorney General — an entirely legitimate inquiry since it was a document upon which the expert had relied in rendering his expert opinion. At that point Defendant's counsel objected, apparently not realizing that Christopher's counsel was moving on to another line of questions; Defendant’s counsel stated that he was objecting to the questions regarding the correspondence from the Attorney General because the court had just sustained an objection as to the source of payment. There was no other mention of the State of Florida providing payment for the expert's services or for the defense at any point in the trial, and the jury was never told that the Attorney General paid for the expert’s services or the defense.

. Christopher’s counsel stated:
[T]here was one question I think I need to address, and the question is, why? I think it’s a good question.... It’s a question that sociologists and psychologists have been debating for hundreds of years. Why does one human being commit an act of violence against another? What is it that motivates an act of violence? What degree and combination of emotions causes violence? Why do policy officers ... that may be perfectly fine at home, good husbands, fathers, whatever, do they commit acts of violence? Is there such a thing as police brutality? Is there such a thing as unreasonable police force? Is it motivated by the differences of people?
*1373 It was at that point that Defendants' counsel interrupted and objected at sidebar that the comment "differences between people” was "playing upon racial prejudice,” an objection that the district court summarily denied.